96 So.2d 494

**ST. CHARLES DAIRY, Inc.**

v.

**Jerome A. HAYES, Jr.**

No. 42859.

June 10, 1957.

E. B. Charbonnet, Jr., New Orleans, for defendant-appellant.

Graham & Graham, George S. Graham, Louis B. Graham, New Orleans, for plaintiff-appellee.

HAWTHORNE, Justice.

St. Charles Dairy, Inc., is the holder of a promissory note executed by Jerome A. Hayes, Jr., dated February 28, 1955, in the principal sum of $2,910 with 6 per cent per annum interest from date until paid. The note was made payable at 2735 Tulane Avenue in New Orleans and was to be paid in installments. The first installment, $750, was to fall due on June 1, 1955, and the balance was to be paid in quarterly installments of $250 each commencing on September 1, 1955. This note contains the following provisions:

"Failure to pay any installment on this note as herein provided, shall render, at the option of the holder hereof, all remaining installments at once due and exigible without putting in default.

"In the event it becomes necessary to place this note, or any renewal thereof, in the hands of an attorney for collection or suit, I agree to pay twenty-five (25%) per cent, on the amount of the note as attorney's fees which fees are agreed to be part of the principal obligation of this note."

The holder of the note, alleging that the maker had failed to pay the $750 installment that fell due on June 1, 1955, instituted this suit and obtained a judgment for the full amount of the note with interest at 6 per cent per annum from its date until paid, 25 per cent attorney's fees, and all costs,

subject to certain credits for sums deposited by the defendant in the registry of the court. From this judgment defendant has appealed.

Defendant does not deny the execution of the note or the existence of the indebtedness. In the lower court he opposed the right of the plaintiff to accelerate the payments and declare the note due in its entirety, and also opposed the assessment of 25 per cent attorney's fees. On this appeal the principal question seems to be whether under the facts of this case plaintiff is entitled to the 25 per cent attorney's fees, which as of this date amount to approximately $800. This is evidently because the due dates of all installments on the note except one have already passed or will have passed before this judgment becomes final.

The note in question was evidently prepared by the attorney for plaintiff, at whose office it was made payable. On May 10, 1955, this attorney wrote the defendant that the first payment of $750 would fall due on June 1, 1955, and requested him to call by the office and make this payment. According to the testimony of defendant, in the early hours of May 30 he delivered an envelope containing three checks, drawn to the order of plaintiff's attorneys and aggregating the full amount of the principal and interest on the June 1 installment, at the office of plaintiff's attorney by dropping it through a mail chute on the office door,

and there were sufficient funds in the accounts on which these checks were drawn to pay them in full. Another witness testified that he was with the defendant on this occasion and saw him deposit the envelope in the mail chute. Defendant also offered and filed in evidence a page of check stubs from his checkbook on the Citizens National Bank of Hammond, Louisiana, and a duplicate voucher drawn on the Bank of Franklin issued by Meadville Milk Company. According to these exhibits all these checks were made payable to plaintiff's attorneys and were issued to pay the installment due on June 1, 1955.

What happened to these checks we are unable to say. They were never cashed, and plaintiff's attorney says he never received them. This attorney on the next day, May 31, mailed to defendant a special delivery letter stating that he would expect him in the office on June 1 to make the payment then due on the note. Defendant denies ever receiving this letter. About two weeks later, on June 14, 1955, plaintiff instituted this suit. Plaintiff's attorney admitted that he did not communicate with defendant between June 1, the date the installment fell due, and June 14, the date the suit was filed. Under these circumstances defendant did not know until the institution of the suit that these checks had not been received.

When defendant was served with a copy of the petition, his attorney offered to pay to plaintiff's lawyer the full amount of the June 1 installment, but this payment was refused. Defendant stopped payment on the three checks and deposited in the registry of the court the full amount of this installment, and while the suit was pending in the lower court, he deposited in the registry of the. court the full amounts of all installments on or before their due dates. When judgment was rendered against him, he appealed suspensively and executed a suspensive appeal bond in the sum of $6,000 to satisfy whatever judgment might be rendered against him.

 Even if defendant deposited the checks in the mail slot of the attorney's office, the fact remains that the June 1 installment on the note was not paid, as these checks were never received, accepted, or cashed by plaintiff's attorney. Therefore under the plain provisions of the note defendant's failure to pay this installment on or before its due date gave the holder of the note the option to declare all remaining installments at once due and exigible without putting the defendant in default. It is our view that the only way defendant could have prevented plaintiff from exercising its option under the acceleration clause would have been to show either payment or, at the least, a real tender of the amount of the installment on or before its due date and the refusal of the tender by plaintiff. Under the law the burden of proving these facts would be on the

defendant. See Art. 2232, La.Civ.Code. It follows that since no payment or real tender was made, plaintiff had the option of declaring the full amount of the note due and exigible without putting defendant in default, and it was not bound to accept defendant's offer through his attorney to pay the June 1 installment after its due date.

We shall next consider the question of attorney's fees under the provision of the note that if it becomes necessary to place the note in the hands of an attorney for collection or suit, the maker agrees to pay 25 per cent of the amount of the note as attorney's fees.

In the leading case of Succession of Foster, 51 La.Ann. 1670, 26 So. 568, 572, this court on rehearing pointed out that a provision similar to the one we have here under consideration was to be regarded in the nature of a stipulation for a penalty, and that "the burden would rest upon the party seeking to enforce it to establish clearly, and affirmatively, the existence of the conditions required for such enforcement". In that case the clause in the act of mortgage contained a stipulation that "in case it becomes necessary to resort to legal proceedings for the recovery of the amount of said notes, or of any part thereof, he the said Thomas J. Foster [mortgagor], hereby binds and obligates himself to pay the fees of the attorney who may be employed for that purpose, which fees are hereby fixed at ten per cent. on the

amount sued for ". The court in that case in discussing this clause said that " * * * the strong language used in the contract precludes the idea of a resort to legal proceedings, such as would entitle the holder of the notes to attorney's fees, except in case of necessity; that the burden rests upon the plaintiff, seeking to recover, upon the ground that she has resorted to legal proceedings, to show that there was a necessity for so doing; that such necessity could be shown only by evidence that, at least, a reasonable effort had been made to obtain payment in some other way, or that any such effort would have been impracticable and useless * * *". See also Holstead v. Lewis, La.App., 160 So. 834, and authorities there cited; "Attorneys' Fees Based on Percentage", 1951, 17 A.L.R.2d 288.

The provision in the note here involved contains the clause "In the event it becomes necessary". Thus, for the holder of the note to recover the attorney's fees here sought, it had to prove that it had become necessary for it to place the note in the hands of an attorney for collection or suit.

In the instant case, as we have said, failure to pay the June 1 installment gave the holder of the note the option to declare all remaining installments at once due without the necessity of putting the defendant in default. However, plaintiff has not shown in this case by affirmative evidence that

the defendant ever knew before suit that it, the holder of the note, had exercised this option (as it had a perfect right to do), and has not shown that demand was ever made on the defendant after June 1 for the payment of the note in its entirety. Moreover, so far as the record discloses, defendant was never given the opportunity of paying the note in full before it was placed in the hands of an attorney for collection or suit, and hence he never had the chance to avoid the payment of 25 per cent attorney's fees amounting, as we have said, to approximately $800.00. Furthermore, there is no evidence in the record that the holder of the note, before placing it in the hands of an attorney for collection or suit, made any effort whatever to obtain the payment of the note in full, and no evidence that such an effort, as said in the Foster case, would have been impracticable or useless. It is our view that it would be inequitable and unjust under these facts to require the defendant to pay the attorney's fees here sought.

As already stated, defendant does not deny the existence of the obligation, and we think his acts clearly show that he is not trying to avoid the payment of the principal amount of the note and interest, for he deposited in the registry of the court the amounts of all installments a short time before their due dates and executed a suspensive appeal bond to satisfy any judgment that might be rendered against him.

For the reasons assigned the judgment appealed from is amended by striking from it the provision allowing to plaintiff 25 per cent attorney's fees, and as thus amended the judgment is affirmed