YARRUT, Judge.
The only issue here is whether defendant is liable for a 25% attorney fee ($545) provided in the promissory note and chattel mortgage sued upon.
The District Judge disallowed the attorney fee, and we agree with him.
The undisputed material facts are that, to secure the purchase price of certain household furniture, defendant executed the note and chattel mortgage, payable in 90 days, bearing 8% interest, with a stipulation for a 25% attorney fee should the note be placed with an attorney for collection.
While the trial judge sustained objection to parole testimony seeking to prove the maturity agreed upon was different from the 90 days provided in the note and chattel mortgage, he properly admitted parole to prove that, before and for three months after maturity, plaintiff’s Vice-President and General Manager agreed with defendant’s attorney to extend the payment of the note, or refrain from exacting payment, until defendant could settle her deceased husband’s estate, and periodically inquired of defendant’s attorney about the progress of the estate settlement; that without any notice or warning of its intention so to do, plaintiff placed the note with its attorney for collection. The first knowledge of this was when defendant was cited in this suit. Her attorney promptly tendered plaintiff full payment, except the 25% attorney fee, which was rejected.
Plaintiff urges that parole testimony is not admissible to prove a modification or extension of the date of payment, even if made after the maturity of the note; that the delay was a mere indulgence; was too uncertain and indefinite to be binding; was without consideration; and demand upon the maker for payment of a promissory note with a fixed maturity is not required by law.
*801 We can promptly pretermit any discussion of the admissibility of parole to prove a contrary maturity date prior to the execution of the note and chattel mortgage, in view of the admission of plaintiff’s Vice-President and General Manager that for three months after maturity, he consulted with defendant’s attorney as to the progress of the estate settlement and agreed to wait upon it; and that he placed the note with its attorney for suit without demand, notice or previous warning to defendant or her attorney. Written proof of the extension of the payment date of a promissory note or other indebtedness, made after maturity, is not required under LSA-C.C. Art. 2278. Parole is admissible, though the burden of proof is on the obligor.
Regarding the contention that the delay was a mere indulgence and was not for a specified period, and without consideration, the simple answer is that defendant has not challenged plaintiff’s right to terminate the delay or indulgence, hut only that she was entitled to notice of such intention and an opportunity to avoid being saddled with the 25% attorney’s fee. As for the contention that no consideration was given for the indulgence or extension, the answer is that no demand for a bonus or other consideration was demanded, and sufficient consideration was the continued obligation to pay the 8% interest.
The contention is correct that demand upon the maker of a promissory note is not necessary at maturity, and plaintiff could have placed the note with its attorney for collection without further ado. However, it is too well-settled in our juris-prudence to admit of doubt that, when a creditor, by practice or indulgence permits his debtor or other obligor to delay payments when due, he cannot exact penalties for such delinquences without first giving notice of his intention to exact strict compliance in the future. A fortiori, when the creditor expressly consents to such delay. Boulevard Investment Corp. v. Boulmay, La.App., 79 So.2d 917; St. Charles Dairy, Inc. v. Hayes, 233 La. 217, 96 So.2d 494; Rex Credit Co., Inc. v. Kirsch, La.App., 4 So.2d 797; Schaefer v. Brown, La.App., 151 So. 650.
Plaintiff further contends that defendant cannot avail herself of this indulgence unless she has shown that she was ready, able and willing to pay the note at maturity; that in asking for delay until her deceased husband’s estate could he settled, is proof that she was not ready, able or willing to make payment. This contention is untenable for, as soon as defendant was cited in this suit, she tendered payment of every item due, except the attorney’s fee. All plaintiff had to do to determine whether defendant was ready, able and willing to pay, was to offer to accept the tender. To the contrary, plaintiff refused the tender.
Having placed the note with its attorney for the first time without notifying defendant or her attorney of the termination of the delay or indulgence in exacting payment, plaintiff is estopped to claim the 25% attorney fee from defendant.
For the reasons assigned, the judgment of the District Court is affirmed.
Affirmed.