JANVIER, Judge.
The only issue here is whether there is liability for a twenty-five percent attorney’s fee which is provided for should any installment on the note not be paid when due, with the resulting acceleration of maturity of all installments. There was judgment in favor of the plaintiff for the principal amount, with interest and the attorney’s fee, and the maker of the note and the endorser brought the matter before us by sus-pensive appeal.
A recital of the chronological occurrences is necessary. In settlement of a lawsuit, which apparently was pending, the Adam Lumber Co., Inc., executed its promissory note payable to W. E. Maurin. It was dated April 10, 1959. It was signed by James McKinney as Vice-President and was endorsed by him individually. The principal amount was $7,450.90, and the note was payable in four quarterly installments, the first being due in ninety days, which would be July 10, 1959. The note provided for acceleration of all installments in the event any one should not be paid when due as follows:
“Should this note not be paid at maturity or when due or demandable, as herein provided, or a failure to pay any installment of this note as it falls due, together with interest thereon, shall mature this note in its entirety at option of holder.”
The first installment was paid when due, that is, on July 10, 1959. The second became due on October 10, 1959, but it was not paid at that time. It is obvious that shortly before October 30th, Maurin, the holder of the note sent a memorandum to the defendant company concerning this delinquency. Though we have not that memorandum in the record, we find a letter from the defendant corporation to the holder of the note referring to the memorandum and regretting “that we are late this time.” When Maurin received that letter, he returned it to the defendant lumber corporation after writing on the bottom of it, “How about this situation. Can you mail me a check this week ?”
Nothing was done looking to the payment of that installment or any other, and, on January 10, 1960, the third installment became due and neither the second nor the third was paid. On January 13,1960, Mau-rin turned the note over to his attorneys for collection, and on that day the attorneys, by registered mail, wrote to the defendant corporation and to the defendant endorser demanding payment in full, together with the attorney’s fee. The return receipt shows that this demand was received on January 14, 1960. On January 26, 1960, the defendant lumber corporation sent to the plaintiff a check for $3,948.97 which represented payment of the second and third installments, together with interest but which did not include the attorney’s 'fee. There was nothing on this check, to indicate that it was tendered in full settlement of the amounts due, together with the attorney’s fee. On February 19, 1960, the attorneys for the plaintiff acknowledged receipt of that check, but stated: “There is still an outstanding balance on the note of principal, interest and attorney’s fees of $3,315.66.” The attorneys added: ,It will be necessary that we receive your' check within the next ten (10) days or it will be necessary for us to file this suit, remittance to be sent to our office.”
The amount demanded was not páid and this suit was filed on March 31, 1960. After the suit had been filed, the defendant lumber company mailed to the plaintiff a check for $1912.86, which would have been sufficient to cover the principal amount of the fourth installment, but this check was not used by the plaintiff since there was written on the face of it the following: “In full and complete satisfaction of Case Number 55451 24th Judicial District Court of J. P., including principal, interest, and attorney’s fees on Promissory note, dated April 10, 1959, payable in four (4) equal installments of $1862.72 each to the order of W. É. Mau-rin. Amount of check $1912.86.”
*806 The defendants-appellants contend that, after the third installment became due, there was a verbal agreement by which Maurin, the holder of the note, consented to grant delay in payment of that and the other installments without the requirement that the attorney’s fee be paid. It is argued that no actual demand for payment was made, but that there was a conversation between McKinney, Vice-President of Adam Lumber Co., Inc., and Maurin, and that in this conversation there was agreement by Maurin to grant a reasonable delay.
The record does not justify the conclusion that there was such an agreement, and it does indicate that the plaintiff made a reasonable effort to secure payment of the installments and was not able to secure any payments other than the first until after the note had been turned over to his attorneys for collection.
The District Judge, in his reasons for judgment, made the following statement:
“The Court is of the opinion that the plaintiff made every effort to secure payment of the installments when due and was only successful in securing,.-some payments after the note had been turned over to his attorney for collection.
“The note is the contract between the parties, and it having been placed in the hands of plaintiff’s attorney for collection, demand for payment having been made by said attorneys at a time when the note was in default, the attorney’s fees are properly chargeable to defendant. The note provides for waiver of demand, protest, notice of nonpayment by the endorser, therefore judgment will be rendered against the maker and endorser, in solido.”
Counsel for defendants contend that Emblem, Inc. v. Picolo, La.App., 123 So.2d 799, is authority for their position and justifies a reversal of the judgment here, on the ground that the acceleration clause in such a note and the provision for the' attorney’s fees are not applicable unless it appears that the holder of the note notifies the maker that payment is demanded and that the acceleration clause and the attorney’s fees provision will be availed of. In that case appears the following:
“ * * * it is too well-settled in our jurisprudence to admit of doubt that, when a creditor, by practice or indulgence permits his debtor or other obligor to delay payments when due, he cannot exact penalties for such delinquencies without first giving notice of his intention to exact strict compliance in the future. * * * ”
However, in that decision appears the following:
“The contention is correct that demand upon the maker of a promissory note is not necessary at maturity, and plaintiff could have placed the note with its attorney for collection without further ado. * * * ”
Surely the record here does not justify the conclusion that the holder of the note “by practice or indulgence” permitted the maker of the note delay in meeting its obligation.
Our attention is directed to St. Charles Dairy, Inc. v. Hayes, Jr., 233 La. 217, 96 So.2d 494, in which the Supreme Court, referring to Succession of Foster, 51 La. Ann. 1670, 26 So. 568, said that, where the holder of a note attempts to enforce such a provision for an attorney’s fee, “the burden rests ttpon the plaintiff, seeking to recover, * * * to show that there was a necessity for so doing * * However, a reading of the decision in Succession of Foster, supra, indicates that that was so held only because the note itself provided that the attorney’s fee would be due only if it appeared that there was “necessity” for employing the attorneys. The Court discussed the wording of such clauses and said:
“The contracting parties were at liberty to agree that attorney’s fees *807 should be paid in the particular case for which, as a matter of fact, provision has been made, or they might have agreed that they should be paid where the contingency was more imminent or more remote. Thus, instead of agreeing that the maker of the notes should pay such fees ‘in case it becomes necessary to resort to legal proceedings for the recovery of the amount of said notes, or any part thereof, which fees are hereby fixed at ten per cent, on the amount sued for,’ as their contract reads, they might have imposed such liability on the maker of the notes in the event of their nonpayment at maturity, with or without previous demand and refusal or neglect to pay * * *?
In other words, what the Supreme Court said in Succession of Foster and approved in St. Charles Dairy, Inc. v. Hayes, Jr., was that if a note requires a showing of necessity for the employment of attorneys, before the fees may be claimed, the plaintiff must show that amicable demand had produced no results and that, therefore, there was necessity, but that if such a note merely provides that the fees would be due “in event of * * * nonpayment at maturity,” then all that would be necessary would be to show nonpayment. The note in the case before us does not require that necessity be shown, but provides only that the attorney’s fees will be due “in the event this note is not paid at its maturity and is placed in the hands of an attorney at law for collection * * * Accordingly not only do the facts here show that demand was made, but the law as established by the Supreme Court in the two cases cited gives the holder of the note the right to demand the attorney’s fee merely as a result of the failure of the maker of the note to pay at maturity.
We repeat, of course, that if the evidence showed an agreement to extend, then the attorney’s fee could not be collected without a termination of the extension, but the record does not justify the conclusion that there was such an agreement.
The plaintiff is entitled to the balance due on the note, together with interest and the attorney’s fee.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.