SAMUEL, Judge.
This is a suit on a promissory note in the original amount of $790.00, made by the defendant in favor of plaintiff on February 10, 1961, and maturing one year after date. The sole defense is an alleged oral agreement extending the time of payment and entered into after the note had matured. There was judgment in the trial court in favor of plaintiff for $740.00, the balance due on the note, with interest and attorney’s fees as provided in the note, and for costs. Defendant has appealed.
The only witness called by plaintiff was its credit manager. His testimony relative to the conversation between himself and the *473 defendant, in which conversation the agreement is alleged to have been entered into, can be summed up in an answer to one question when, referring to the defendant, he said:
“A. I had talked to him and he said he would pay us ten dollars a week and that he would give us some business. It ran about twenty-five or thirty dollars, average, finally it dwindled down to five dollars a week, and finally nothing, so we couldn’t go on with this whole thing.”
Defendant produced two witnesses, Ris store manager and himself. The former testified that he had heard parts, but not the whole, of the aforesaid conversation ■between plaintiff’s credit manager and the ■defendant and that conversation resulted in ■an agreement under which plaintiff would ■accept $10.00 per week until “ * * * the bill was paid and there was no agreement whatsoever about buying merchandise, whatsoever from Quaglino Company.” ‘Thus this witness admitted hearing only a ■part of the conversation but testified to the •absence therein of any agreement to purchase merchandise, a fact he could have 'knowledge of only after hearing the whole ■of the conversation. The trial court concluded that the testimony of this witness should be disregarded and we do not dis•agree.
The defendant testified that he had asked the plaintiff’s credit manager to give him time to pay the note; that he had told the ■manager he “ * * * would try to pay it out at $10.00 a week, * * * ”; and that the manager agreed to this arrangement. He denied that he had made any •definite commitment to buy plaintiff’s merchandise and further testified he had made •payments each week as long as plaintiff’s salesman came to his store, a total of $50.00, ■and then had stopped paying when the ■salesman no longer came and after receiving information from the plaintiff that the latter wanted the note paid (apparently in full), which he refused to do because of the “agreement” under which he was obligated to pay only $10.00 per week.
The trial court was of the opinion defendant had failed to prove a binding oral agreement extending the time and method of payment. We agree. While parole evidence is admissible to prove an extension of time in which to pay a note when such extension is granted after maturity, the burden of proof is on the obligor. Here the defendant has failed to prove anything more than mere indulgence on the part of the plaintiff. And penalties in the form of attorney’s fees can be obtained because plaintiff gave advance notice of its intention or desire to exact full payment. See Emblem, Inc. v. Picolo, La.App., 123 So.2d 799.
For the reasons assigned, the judgment appealed from is affirmed; costs to be paid by defendant-appellant.
Affirmed.