248 So.2d 101 (1971)
Johanna D. CHAPMAN
v.
CAPRI CONSTRUCTION COMPANY, Inc., Marie B. Bishop, wife of/and Stanley Bishop.
No. 4441.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1971.
*102 LeBrun, Karno, Lockhart & Brainis, Thomas S. Loop, Metairie, for plaintiff-appellee.
Harry A. Burglass, Metairie, for defendants-appellants.
Before SAMUEL, GULOTTA, and STOULIG, JJ.
STOULIG, Judge.
From an adverse judgment awarding the plaintiff, Johanna D. Chapman, the sum of $12,000.00 with 6% Interest per annum from March 5, 1968, together with 10% Attorney's fees on principal and interest, the defendants Capri Construction Company, Inc., and Marie Bishop have lodged this suspensive appeal. No appeal was taken from the summary judgment dismissing the defendant Stanley Bishop from the proceeding.
Although there is testimony relating to a $12,000.00 promissory note between these parties, dated March 6, 1966, it has no bearing whatever upon the adjudication of the merits of this matter.
The record reflects that on August 24, 1967, Marie B. Bishop, individually, and in *103 her capacity as president of Capri Construction Company, Inc., executed a promissory note payable to the order of the plaintiff, Johanna D. Chapman, in the principal amount of $14,000.00 with 6% Interest per annum from maturity until paid, together with 10% Attorney's fees. According to its tenor, this note was payable in 28 monthly installments of $500.00 each, commencing on October 5, 1967, and continuing on the monthly anniversary thereafter. The holder placed the instrument with the Rapides Bank & Trust Co. for collection.
Payments of $500.00 were made on October 11 and November 7, 1967. In addition, a payment of $1,000.00 was made on February 15, 1968. On April 17, 1968, the note then being three months in arrears, defendants mailed three checks of $500.00 each to the Rapides Bank & Trust Co. These payments were sufficient to make the note current. Upon receipt of the remittance, the Rapides Bank in its letter of April 22, 1968, returned the checks to the defendants advising them that the plaintiff had withdrawn her note from their collection department. Admittedly, this letter was received by defendants on April 23, prompting them to immediately forward a check for $1,500.00 to the plaintiff, which check was subsequently returned by her.
On April 22, 1968, this suit was filed to enforce the collection of the unpaid balance of $12,000.00, together with interest and attorney's fees. It is an acknowledged fact that the $14,000.00 promissory note executed by the plaintiff represents a loan of $10,000.00 and capitalized unearned interest of $4,000.00.
The issues presented for our consideration are whether the defendants are entitled to a rebate of unearned interest and whether the trial court was correct in awarding plaintiff attorney's fees. These issues involve factual as well as legal determinations.
Under the terms of the note executed by the defendants, it is specifically provided:
"Failure to pay any installment on this note as herein provided, shall render, at the option of the holder hereof, all remaining installments at once due and exigible without putting in default."
Thus, the holder is vested with the right to accelerate the payment of the unpaid balance in the event any single installment becomes delinquent. This provision is not self-operative and becomes executory only upon notice by the holder of his election to immediately mature the remaining unpaid installments, coupled with a demand for payment. The burden rests with the holder to establish by affirmative evidence that the notice of acceleration and demand for payment were made upon the makers and in the absence of such proof the institution of the suit to enforce the collection of the note will serve to satisfy this requirement.
Applying the foregoing to the facts in this matter, plaintiff exercised her option to accelerate the maturity of the note by the filing of her suit in the seventh month of the loan. Since the note was for a term of 28 months, it is obvious that only one-fourth of the prescribed period had elapsed at the time of its acceleration. The capitalized sum of $4,000.00, over and above the amount loaned, represented the discounted interest for the 28-month period covered by the note. Since the instrument was accelerated at the end of the first quarter of its maturity only one-fourth of this amount, or $1,000.00, represents the earned interest, the remainder, $3,000.00 representing unearned interest.
It is the well-established jurisprudential rule in Louisiana, as expressed in the case of Williams' Heirs v. Douglass, 47 La.Ann. 1277, 17 So. 805 (1895), and summarized by the Supreme Court in Unity Plan Finance Co. v. Green, 179 La. 1070, 155 So. 900, 905 (1934), "that the lender, who availed himself of his right to demand payment of the debt before the expiration of *104 the term for which the interest had been paid, was obliged to remit the unearned interest." See also Unity Plan Finance Co. v. Green, supra, and Berger v. DeSalvo, 156 So.2d 323 (La.App. 4th Cir. 1963).
It therefore follows that since the holder of the note, Johanna D. Chapman, exercised her right to accelerate the maturity of the note, by instituting this action for its collection, she is obligated to remit the unearned interest of $3,000.00, which shall be credited against the unpaid balance due on the instrument.
A consideration of the evidence as it bears upon the issue of attorney's fees leads us to conclude that the trial court erred in awarding 10% Attorney's fees on the principal of $12,000.00 and accrued interest of 6% from March 5, 1968.
The ruling in the case of St. Charles Dairy v. Hayes, 233 La. 217, 96 So.2d 494 (1957), stands for the proposition, which is controlling in this instance, that the holder of a note who exercises the option of acceleration carries the burden of proving that it was necessary to place the note in the hands of an attorney for collection or suit. Otherwise, he is not entitled to attorney's fees. Pertinent language from that decision at pages 496-497 covering this situation reads as follows:
"In the instant case, as we have said, failure to pay the June 1 installment gave the holder of the note the option to declare all remaining installments at once due without the necessity of putting the defendant in default. However, plaintiff has not shown in this case by affirmative evidence that the defendant ever knew before suit that it, the holder of the note, had exercised this option (as it had a perfect right to do), and has not shown that demand was ever made on the defendant after June 1 for the payment of the note in its entirety. Moreover, so far as the record discloses, defendant was never given the opportunity of paying the note in full before it was placed in the hands of an attorney for collection or suit, and hence he never had the chance to avoid the payment of 25 per cent attorney's fees amounting, as we have said, to approximately $800.00. * * *"
In his judgment, the trial judge expressed the opinion "that prior demand was made on the defendants and ignored." A careful review of the evidence, particularly the testimony of Landry Ducote, who represented the plaintiff during the entire transaction, convinces us that the only demand made on the defendants was the request to make the note current by paying the delinquent installments. They were never informed prior to suit of plaintiff's decision to exercise her option to accelerate the maturity of the note nor was payment of the unpaid balance demanded of them. Therefore, since no opportunity was afforded the defendants to pay the entire amount due, and thereby avoid attorney's fees, the trial court's award to this extent is not warranted.
However, at the time of the filing of suit the defendants were delinquent in three monthly installments, aggregating $1,500.00, for which payment had been demanded. The placing of the note in the hands of the attorney was necessary to enforce collection of this past due sum, of which fact makers were aware, and to this extent the plaintiff is entitled to 10% Attorney's fees amounting to $150.00.
For the reasons assigned, the judgment appealed from is amended, affirmed as amended, and recast so as to read as follows: It is ordered that there be judgment in favor of the plaintiff, Johanna D. Chapman, and against the defendants Capri Construction Company, Inc., and Marie B. Bishop, jointly and solidarily, in the sum of NINE THOUSAND DOLLARS ($9,000.00) with interest thereon at the rate of 6% per annum from April 22, 1968, until paid, together with attorney's fees in the amount of ONE HUNDRED FIFTY DOLLARS ($150.00). Costs of this appeal are to be borne equally by the parties.
Amended and affirmed.