GUIDRY, Judge.
The sole question to be determined on this appeal is-whether or not the plaintiff, Guaranty Bank and Trust Company of Gretna, Louisiana, is entitled to the amount of stipulated attorney’s fees as holder of a note unpaid at maturity which was executed by one Harry Powers, now deceased. The trial court held that the plaintiff Bank was entitled to the amount claimed and rendered judgment accordingly. It is from this judgment that the Succession Administrator prosecutes this appeal.
The facts material to a determination of the issue presented are not in dispute.
On July 31, 1967, Harry Powers executed a promissory note for the sum of *396 Two thousand eight hundred thirty-five and 96/100 ($2,835.96) Dollars, in consideration of a loan made to him by the Guaranty Bank and Trust Company of Gretna, Louisiana. In order to secure payment of the aforesaid note, Mr. Powers pledged the following described property to the bank:
1. Guaranty Bank of Miami Stock Certificate No. 304 for 50 shares, in the name of Harry K. Powers.
2. Shelley Manufacturing Company Stock Certificate No. C908 for 100 shares, in the name of Harry K. Powers.
3. Shelley Manufacturing Company Stock Certificate No. 01171 for 24 shares, in the name of Harry K. Powers.
4. Shelley Manufacturing Company Stock Certificate No. C907 for 100 shares, in the name of Harry K. Powers.
The note was due ninety-one (91) days from date and provided for interest at the rate of seven per cent (7%) per annum from date until paid and contained, among others, the following pertinent provisions:
a. Upon the death ... of any party hereto . . . this note . . . shall, without any notice whatsoever, unless said bank shall otherwise elect, be forthwith due and payable.
b. In the case of non-payment of this note at maturity, or when otherwise due . . . said bank is hereby irrevocably authorized to sell any securities and/or property as aforesaid or any part thereof at public or private sale, or on exchange or brokers’ board and at such time or times, as it may elect without recourse to judicial proceedings and without demand for payment or notice.
c. Should this note be placed in the hands of an attorney-at-law for collection, or to enforce the rights of said bank, attorney’s fees, hereby fixed at twenty per cent (20%) of the amount claimed or a minimum of Fifty and no/100 ($50.00) Dollars shall be due hereon.
d.Said bank is hereby authorized, at anytime and from time to time, at its option to apply any and all of the net cash receipts (after deducting all expenses and commissions) from the sale, collection of, or realization upon, any securities and/or property .
The note was not paid on its due date and some eleven (11) days thereafter, i. e., on November 10, 1967, Mr. Powers died. Following the death of Mr. Powers his succession was opened and his estate has remained under administration since that time. Sometime after November 10, 1967 the plaintiff Bank contacted the attorneys for the administrator seeking payment of the note, however, when a satisfactory arrangement could not be made for liquidation of the indebtedness the Guaranty Bank consulted its attorneys turning the note over to them for collection in April of 1970. After a study of the matter the attorneys for the plaintiff Bank determined to obtain payment through a private sale of such portion of the property pledged sufficient to pay off the balance due on the note. The sale of the pledged property was consummated by the Bank’s attorneys through the Guaranty Bank of Miami after which the plaintiff Bank deducted the amount of principal and interest then due as well as an attorney’s fee of twenty per cent (20%) on the unpaid balance and tendered the remaining proceeds as well as all unsold property to the attorneys for the administrator. The tender was refused by the Succession administrator as being insufficient it being his contention that the plaintiff Bank is not entitled to the attorney’s fee retained by it in that there was no necessity for the plaintiff Bank to retain legal counsel to either collect said note or enforce its rights. Upon refusal *397 of the tender referred to this litigation followed.
In support of this contention appellant refers this court to the decisions of the Louisiana Supreme Court in the cases of Succession of Foster, 51 La.Ann. 1670, 26 So. 568 (1899) and St. Charles Dairy, Inc. v. Hayes, 233 La. 217, 96 So.2d 494 (1957).
We pretermit as unnecessary any discussion of the question concerning whether under the holdings of the cited cases it is incumbent upon the holder to show necessity for turning the instrument over to an attorney for collection before the attorneys fee stipulated for therein can be exacted or claimed, regardless of the language contained in the note, in that after a careful review of the record we are convinced that in the instant case plaintiff-appellee has shown that a necessity did in fact exist for referring the matter to its attorney thus entitling it to claim and exact the attorney fee stipulated for in the note.
Although the record establishes that the indebtedness was undisputed a period in excess of two years elapsed between the date on which the note matured and the date on which same was turned over to the Bank’s attorney for collection. During this time the administrator of the succession apparently made no effort to liquidate this debt, although he was contacted in reference thereto from time to time. Additionally, it will be remembered that shortly following maturity of the note the maker thereof died which circumstance casts doubt upon the right of the pledgee to dispose of the pledged property at private sale, which circumstance among others, prompted the Bank to consult its attorneys. The record establishes that after the matter was referred to the Bank’s attorneys they arranged for an out of state bank to act as agent for Guaranty Bank and Trust Company in negotiating the sale of the pledged property. Since the stock ownership rested in the name of a person deceased, it was necessary for plaintiff’s attorney to forward an opinion letter to the agent-bank giving the agent-bank a statement of Louisiana legal authorities whereby the agent-bank knew it could properly convey title to the stock to a third partv purchaser.
We are of the opinion that the services rendered by the attorneys for the Guaranty Bank and Trust Company were not of such a nature as could be expected to be performed by the Bank itself. In order to protect itself from possible future liability it was necessary for the Bank to consult its attorney to first determine the procedure whereby the pledged property could be sold and then to handle the sale. Because the indebtedness was not liquidated and admittedly due and owing, the Bank was certainly justified under the circumstances in turning the matter over to its attorney for collection and therefore the contractual fee of twenty per cent (20%) of the unpaid balance is due and owing.
For the foregoing reasons the judgment of the lower court is affirmed. Cost of these proceedings to be borne by plaintiff-appellant.
Affirmed.