LEMMON, Judge.
The sole issue in this appeal is whether attorney’s fees are due on a promissory note.
Salvador J. Guttuso, maker of the note, commenced these proceedings by filing a petition for a declaratory judgment. He alleged that Jax Federal Credit Union, the payee, after accepting the last eight monthly payments on the note after the due date without penalty or protest, referred the note to its attorney for collection on February 4, 1971 without prior notice that payment would be required on the due date. Further alleging he had made all subsequent payments timely, Guttuso sought a judgment declaring that he was entitled to full credit for all timely payments made prior or subsequent to the suit without deduction of attorney’s fees.
Jax’s answer alleged, among other things, that prior to placing the note with its attorney for collection, it had addressed the following letter to Guttuso on January 27, 1971:
“Your December 11, 1970 payment paid your credit union loan through November, 1970. You are now two payments in arrears. Your payment at the rate of $300.00 per month will be expected no later than February 3, 1971.”
Guttuso then filed a motion for summary .judgment, annexing his affidavit which essentially verified the facts alleged in the petition. He also filed the affidavit of the former manager of the credit union, which stated that the credit union from 1967 through 1970 had an established practice of accepting late payments without penalty or protest and that prior to December 17, 1970 (when the credit union went into involuntary liquidation) Guttuso was never notified of any change in policy.
Jax in turn filed an affidavit in opposition to the motion, stating that it had given Guttuso ample notice of its intention to strictly enforce its rights under the note. Attached were copies of the demand letter referred to in the answer and an earlier letter (allegedly mailed on January 20, 1971) which informed Guttuso that the credit union had been placed in liquidation and that all outstanding loans “must be paid off in full.”
The trial court granted the motion for summary judgment, and Jax appealed.
The parties conceded in argument before this court that the installments were due on the 25th of each month. The note provided for maturity of the entire balance upon any default in payment, for waiver by the maker of presentation for payment, demand, protest and notice of protest and dishonor, and for payment by the maker of the costs of collection and attorney’s fees in case that payment is not made at maturity. The uncontroverted schedule of payments beginning with the February 25, 1970 installment indicates that the eight listed payments were made between 5 and 45 days after due date.
Under the plain wording of the note, the holder had a right to collect costs of collection and attorney’s fees when the payments were not made timely. Maurin v. Adam Lumber Co., 140 So.2d 804 (La. App. 4th Cir. 1962). However, when the obligor, by reason of previous conduct of the obligee, is justified in believing that absolute punctuality of performance is not expected of him and will not be insisted upon, the obligee cannot exact a penalty for delay or delinquency without first providing adequate notice of his intention to require strict compliance in the future. *328 Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926 (1908); Emblem, Inc. v. Picolo, 123 So.2d 799 (La.App. 4th Cir. 1960).
Here, Jax contends that Guttuso cannot avail himself of this waiver doctrine, because the two letters in the record and the publicity attendant to the liquidation of the credit union were sufficient notice to him that delinquency in payment would no longer be tolerated.
There is nothing in the record regarding publicity about the placing in liquidation. Therefore, the legal issue is resolved into a question of whether or not the two letters constituted notice to Guttuso that strict compliance with the terms of the note would thereafter be required.
The first letter was a form notice of the liquidation to members of the credit union. The apparent purpose was to notify members that the liquidation did not relieve debtors from paying off their loans and to request confirmation of the balances on the share or loan accounts. Nothing in the letter indicates any change in collection policy.
The second letter notified Guttuso that he was two payments in arrears and requested payment before a named date which was unrelated to the due date of the note. That letter did not explicitly demand strict compliance with the terms of the note in the future nor did it state a change in collection policy which would require strict compliance. The purpose of the equitable doctrine of waiver is to prevent injustice to an obligor in the form of a penalty for failure of strict compliance after the obligor has been led to reasonably believe that failure of strict compliance was not objectionable. Such an injustice would occur if attorney’s fees in excess of $1,500.00 were allowed under the circumstances of this case.
The judgment is affirmed.
Affirmed.