PONDER, Judge.
Mclnnis-Peterson Chevrolet, Inc. (Lessor), plaintiff-appellee, entered into four vehicle leases with R & M Corporation (Lessee). The leases, one dated April 7, 1971, two dated October 9, 1972, and the fourth dated January 12, 1973, were signed on R & M’s behalf by R. A. Riles (Guarantor), defendant-appellant. Riles individually entered into guaranty agreements, guaranteeing “the full and faithful performance by the said Lessee of its obligation under the terms of the said lease(s).”
R & M became insolvent and went into bankruptcy. Mclnnis filed this suit for $11,068.88 on August 12, 1974, alleging that the lease agreements provided that the leases could be terminated at the Lessor’s option if the Lessee should fail to pay rental due within a period of thirty days from due date; that payments on each lease were in fact overdue; and that Riles, as guarantor, was liable for the past due rent, attorney’s fees and legal interest.
The court below held for plaintiff, awarding $7,412.66 for past due rent, $1,000.00 for attorney’s fees, and legal interest.
Defendant-appellant has timely perfected this appeal, contending that the trial judge erred in assessing attorney’s fees and legal interest, primarily because no demand was ever made upon Riles, as guarantor, prior to the institution of this suit, so that the procurement of the services of an attorney was unnecessary and unjustified.
*314 Plaintiff-appellee has answered the appeal praying that the award for attorney’s fees should be increased to $1,111.83, because the leases require attorney’s fees “to be fixed at no less than fifteen per cent (15%) of the amound due or so (sic) in suit.”
Since neither of the parties disagrees with the trial court’s determination of the amount of past due rent, the only issue presented to the court is whether Riles, as guarantor, is liable for attorney’s fees and legal interest.
The four leases contain the following identical pertinent parts.
“(9) TERMINATION

(b) This lease shall terminate at Lessor’s option of (sic) Lessee should fail to pay all rental hereinafter above specified within a period of Thirty (30) days after any payment thereof is due; or if Lessee should fail to perform or permit to be broken any of the covenants or agreements herein contained; or if Lessee should become bankrupt or insolvent;
“(11) CONTROL
. Lessee further agrees to return the leased vehicle to Lessor at Lessor’s principal place of business in Baton Rouge, Louisiana, upon the termination of this lease for any reason, in good and equal condition . . . ”
“(10) EXPENSES AND ATTORNEY’S FEES
Lessee agrees and binds and obligates itself to pay all reasonable charges, expenses and fees, including particularly attorney’s fees, which Lessor may incur or pay in connection with the enforcement of any of Lessor’s rights and remedies under the terms of this lease including particularly but without limitation, collection of the rental herein agreed upon, said attorney’s fees to be fixed at no less that fifteen per cent (15%) of the amount due or so (sic) in suit.”
It was stipulated in the lower court that: 1) “No demand, by letter or otherwise, was made upon defendant as guarantor of the leases ... at any time by plaintiff or plaintiff’s attorney, or any agent of plaintiff.” 2) “At the request of defendant’s attorney, the sales price of two of the vehicles (Lease 1 and Lease 2) were related to defendant’s attorney by plaintiff’s attorney on February 15, 1975.” 3) “On May 13, 1975, plaintiff’s attorney informed defendant’s attorney of the sale and the sales price of the vehicles in Lease 4.” and; 4) “On May 13, 1975, plaintiff’s attorney and defendant’s attorney agreed on a net sales price of the vehicle in Lease 3 as being $2,500.00, since the said vehicle has not yet been sold.”
Plaintiff-appellee, in opposition to defendant-appellant’s argument that the hiring of an attorney was unnecessary, argues that such necessity is not required because Paragraph 10 of the leases obligates the Lessee to pay attorney’s fees irrespective of the need to hire an attorney. It is plaintiff-appellee’s contention that the absence of the word “necessary” supports this conclusion.
Lessor relies primarily on Maurin v. Adam Lumber Co., 140 So.2d 804 (La.App. 4th Cir. 1962), in which the payee sought to hold the maker and endorser of a note liable for attorney’s fees. The court stated at pages 806, 807:
“Our attention is directed to St. Charles Dairy, Inc. v. Hayes, Jr., 233 La. 217, 96 So.2d 494, in which the Supreme Court, referring to Succession of Foster, 51 La.Ann. 1670, 26 So. 568, said that, where the holder of a note attempts to enforce such a provision for an attorney’s fee, ‘the burden rests upon the plaintiff, seeking to recover, * * * to show that there was a necessity for so doing * * *.’ However, a reading of the decision in Succession of *315 Foster, supra, indicates that that was so held only because the note itself provided that the attorney’s fee would he due only if it appeared that there was ‘necessity’ for employing the attorneys. The Court discussed the wording of such clauses and said :
“ ‘The contracting parties were at liberty to agree that attorney’s fees should be paid in the particular case for which, as a matter of fact, provision has been made, or they might have agreed that they should be paid where the contingency was more imminent or more remote. Thus, instead of agreeing that the maker of the notes should pay such fees “in case it becomes necessary to resort to legal proceedings for the recovery of the amount of said notes, or any part thereof, which fees are hereby fixed at ten per cent, on the amount sued for,” as their contract reads, they might have imposed such liability on the maker of the notes in the event of their nonpayment at maturity, with or without previous demand and refusal or neglect to pay * * * f
“[1] In other words, what the Supreme Court said in Succession of Foster and approved in St. Charles Dairy, Inc. v. Hayes, Jr., was that if a note requires a showing of necessity for the employment of attorneys, before the fees may be claimed, the plaintiff must show that amicable demand had produced no results and that, therefore, there was necessity, but that if such a note merely provides that the fees would be due ‘in event of * * * nonpayment at maturity,’ then all that would be necessary would be to show nonpayment. The note in the case before us does not require that necessity be shown, but provides only that the attorney’s fees will be due ‘in the event this note is not paid at its maturity and is placed in the hands of any attorney at law for collection * * * > ”
Under paragraph 10 of the leases, R & M bound itself to pay “all reasonable charges . . . including particularly attorney’s fees which Lessor may incur or pay . . .”. We do not have to decide whether unreasonably incurred charges would nevertheless be properly charged to R & M since we find that the attorney’s fees were reasonably incurred under the circumstances. When R & M Corporation went into bankruptcy, Lessor through attorneys was able to procure the release of the vehicles from the proceedings. The fees for this were incurred in the enforcement of lessor’s rights to the return of the automobiles and were therefore properly chargeable to R & M under the terms of the lease. Ordinarily, a formal demand upon R & M for the return of the vehicles may have been necessary, but, under the circumstances, demand would have been a vain and useless thing.
Defendant-appellant, Riles, is liable because of his status as guarantor. “A guaranty is a collateral undertaking by one person to answer for the payment of a debt or the performance of some contract or duty in case of the default of another person who is liable for such payment or performance in the first instance.” 38 C.J.S. Guaranty § 1. “A guaranty in its technical sense is collateral to, and made independently of, the principal contract which is guaranteed; and the guarantor’s liability is secondary rather than primary or original” 38 C.J.S. Guaranty § 2.
Here we are concerned with the liability of Riles for the obligation of R & M. He is responsible for all that R & M was responsible for. When R & M became liable for the attorney’s fees incurred in the bankruptcy proceeding, the liability of Riles became fixed under the guaranty contract. Defendant-appellant’s argument that he, as guarantor, was entitled to notice and demand before the incurring of attorney’s fees against him is beside the point. The attorney’s fees are not a penalty against him individually as a guarantor, because of a failure on his part, but merely a part of the obligation of R & M for which he bound himself.
*316 R & M bound itself for attorneys fees “to be fixed at no less than fifteen per cent . . .”. The indebtedness of R & M was found to be $7,412.66. The attorney’s fees are therefore found to be $1,111.83, instead of $1,000.00 as assessed by the trial court.
Defendant-appellant, Riles, argues that he cannot be held accountable for legal interest. This suit was filed on August 12, 1974. The court below allowed legal interest on each lease from the date the amount due under each of them was ascertained. Each of the dates is considerably later than the filing date and certainly subsequent to the time of notice to defendant-appellant of R & M’s default. Accordingly, we cannot say that the trial judge erred in his assessment of legal interest.
Accordingly for these reasons we amend the judgment of the trial court to increase the attorney’s fees from $1,000.00 to $1,111.83, and affirm as amended.
All costs are to be paid by the defendant-appellant.
AMENDED, AND AS AMENDED,' AFFIRMED.