GARSAUD, Judge.
This is an appeal from a decision of the district court denying plaintiff attorney’s fees on a promissory note. The only issue is whether defendants are liable for 25% attorney’s fees provided for in the promissory note sued on.
The defendants/appellees were makers of a note in the amount of $1,717.00, dated January 22, 1966, payable ten years from date, at 5% interest payable annually. The note contained the following statement regarding attorney’s fees:
“In case this note should be placed in the hands of an attorney, after its maturity, to institute legal proceedings to recover the amount hereof, or any part hereof, in principal or interest, or to protect the interests of the holder hereof, or in case the same should be placed in the hands of an attorney for collection, compromise or other action, the maker and indorser binds himself to pay the fees of the attorney who may be employed for that purpose, which fees are hereby fixed at twenty-five per cent on the amount due or sued for, or claimed or sought to be protected, preserved or enforced.”
It also contained the usual waiver of presentment for payment, notice of nonpayment and protest. Apparently the defendant Robert Andras signed the note for the benefit of his father who, the defendant testified, was “close” to one Phil Gardner, the Secretary-Treasurer of Philip Quaglino Tobacco Co., Inc. (Tr. p. 7). This fact was never contradicted. Over the ten year peri *1076 od the interest installments were paid but many only after the due date. (Tr. pp. 11, 14 and 18). On none of these earlier occasions was there any mention that the plaintiff would file suit if the interest wasn’t paid timely. (Tr. pp. 14, 18, 19). The note was not paid on January 22, 1976 when it became due.
Three considerations are significant in resolving this matter. The first is the lack of any evidence showing that the plaintiff changed its policy of indulgence regarding the defendant’s prior late payments. Allegedly one Joe Quaglino called the defendant during the month of January regarding payment but he was not called to testify. The unexplained failure to call this witness must be construed against plaintiff. Moore v. Skidmore, 301 So.2d 428 (La. App. 4th Cir. 1974). The debtor here is justified then in believing that absolute punctuality will not be required. Under such circumstances the creditor cannot exact a penalty (e. g. attorney’s fees) for delinquency without first providing adequate notice of his intention to require strict compliance in the future. Guttuso v. Jax Federal Credit Union, 270 So.2d 326 (La. App. 4th Cir. 1972); Emblem, Inc. v. Picolo, 123 So.2d 799 (La. App. 4th Cir. 1960).
Secondly, it appears from the record that proper tender of payment was made before the matter was turned over to an attorney for collection. On February 27, 1976 Robert Andras accompanied by his attorney went to the place of business of Philip Quaglino Tobacco Co., the payee of the note, to pay the note if so advised by his attorney. The purpose of having the attorney present was to get an opinion on his liability as defendant had not seen the note since he signed it ten years prior. The attorney, by affidavit filed in the record swore that “Robert Andras had with him that day the funds to pay said balance and was under his attorney’s advise [sic] to do so if the note read as he remembered it, since he did not have a copy.” (Affidavit of Rhett M. Powers of October 15, 1976 filed in Record # 8457). None of the parties who were acting on behalf of plaintiff, however, were present. Under those circumstances, the defendant did not make payment. At this point the attorney left his professional card and asked that one of the parties call him. Plaintiff’s witness denied being advised of this visit. (Tr. p. 10). Under these circumstances it was not unreasonable for the trial court to have concluded that the defendant was ready, willing and able to pay before an attorney was retained by plaintiff thus denying the plaintiff’s claim for attorney’s fees. In the absence of manifest error we are bound by these findings. Canter v. Koebring, 283 So.2d 716 (La.1973) and Dyson v. Gulf Modular Corporation, 338 So.2d 1385 (La.1976).
Finally, plaintiff argued that as a demand letter was sent to defendant by plaintiff’s attorney sometime after failure of payment at maturity attorney fees would obtain in his favor under the terms of the note. A copy of such a letter addressed to Mr. & Mrs. Robert Andras is in the record but is surrounded by much confusion. Plaintiff’s attorney admits that the date of the letter, January 25, 1976 is incorrect as the letter was not written at that early date after maturity. He believes that it was written on February 25, 1976. Mr. Andras denies receiving the letter. The affidavit of defendant’s attorney however indicates that a demand letter was received after the visit to the office of Philip Quaglino Tobacco Co., Inc. on February 27,1976. Again, it was not unreasonable for the trial court to believe under these circumstances that the demand letter was received after the valid tender of payment. He thus denied attorney’s fees, which we conclude was not manifest error. Canter and Dyson, supra.
The judgment is affirmed.

AFFIRMED.