PONDER, Judge.
Defendant, Donald G. Reynolds, appealed from a summary judgment in favor of plaintiff, Fidelity National Bank of Baton Rouge. The other defendant did not appeal.
The sole issue is the validity of the judgment in view of plaintiff’s failure to make demand on defendants for principal, interest and attorney’s fees.
We affirm.
Defendants defaulted on two promissory notes and an indebtedness from the use of two credit cards. Plaintiff sued defendants for the principal, interest and attorney’s fees on all indebtednesses.
*1172 Appellant contends appellee cannot claim principal, interest and attorney’s fees on the four debts because the only demand was a request to bring the notes current by paying delinquent installments. Citing Chapman v. Capri Construction Co., Inc., 248 So.2d 101 (4th Cir. 1971), appellant claims a debtor must be given notice and an opportunity to pay the entire amount before there is an award of principal, interest and attorney’s fees. Appellant’s claim is without merit. The rights and liabilities of the parties regarding acceleration, notice and attorney’s fees are those contained in the contract, which is the law between the parties. LSA-C.C. Art. 1901. Plaintiff must prove amicable demand for attorney’s fees only when the agreement states that attorney’s fees will be due if it is “necessary” to employ an attorney to collect the amount due. Mclnnis-Peterson Chevrolet, Inc. v. Riles, 333 So.2d 313 (1st Cir. 1976). The note in the Chapman case provided for acceleration at the option of the holder but did not have the words “without demand”. The contract in the instant case provides for acceleration of the debt without demand upon default and for payment of attorney’s fees for collection.[1] There is no requirement that plaintiff prove the necessity for hiring an attorney.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Both promissory notes provide in part:
“Failure to pay any installment of this indebtedness at its maturity shall, at the option of the holder of this note, without demand or putting in default cause all unpaid installments to become at once due and exigible. The makers, endorsers, sureties, each of them waive presentment for payment, demand, protest, notice of protest, and notice of non-payment of this note; and consent to any and all extensions of payment. In the event of failure to pay this note or any installment thereof at maturity, and of the same being placed in the hands of an attomey-at-law for collection the makers, endorsers and sureties agree, in solido, to pay, in addition to principal and interest, as attorney’s fees twenty-five per cent additional on principal and interest.”
The credit card agreements provide in part:
“This agreement shall terminate and all amounts hereunder shall become immediately due and payable without demand upon Cardholder’s failure to make any payment required hereunder or to perform any other obligations set forth herein, or in any Sales Draft or Cash Advance Draft. Cardholder agrees to pay all reasonable costs of collection, including reasonable attorney fees hereby fixed at 25% of the balance due, both principal and interest, together with court costs and other unlawful charges incurred in connection with collecting Cardholder’s indebtedness to Bank in the event of default.”