BRUNOT, Justice.
 

 This suit was instituted by an heir and co-owner of the properties described in the petition, for a partition thereof by Imitation. From a judgment rejecting the plaintiff’s demands, at his cost, and ordering an administration of the successions of W. R. Hogan, Mrs. Elizabeth Hogan, and Jesse Nesbitt Hogan, all deceased, the plaintiff perfected a devolutive appeal.
 

 The appellees have filed a motion in this court to dismiss the appeal, alleging in said motion the following grounds therefor: First, that the appellant has acquiesced in the judgment appealed from; second, that each of the estates sought to be partitioned owes debts, and an administration thereof was decreed to be necessary; third, that subsequent to the rendition of the judgment appealed from, the appellant unsuccessfully opposed the application of one of the coheirs for appointment as administrator of the successions, and later filed a motion in the proceedings to require the administrator to furnish new or additional bond as administrator; fourth, that the administrator has filed a provisional account, and appellant received
 
 *30
 
 his proportionate share of the funds therein distributed, without objection or protest; fifth, that the devolutive appeal herein was perfected subsequent to the foregoing proceedings.
 

 As an alternative plea for the dismissal of the appeal, it is alleged that the property sought to be partitioned is now in the course of administration and appellant has only a residuary interest therein which is not subject to partition. It is further alleged, in the alternative, that if said status is not sufficiently fixed in the record, the matter should be remanded for the introduction of the record in No. 721 of the probate docket, and all other competent evidence on the appellant’s acquiescence in the judgment appealed from.
 

 In the appellant’s opposition to the motion to dismiss the appeal, it is denied that the appellant has acquiesced in the judgment appealed from, or that an administration of the successions was necessary, because only two minor debts were due by the successions; that the heirs had previously accepted the successions, by dividing a portion of the movable property, in kind, by selling the remainder and dividing the proceeds, and by leasing a portion of the real property; that his demand upon the administrator for an adequate bond, after the time for perfecting a suspensive appeal from the judgment had expired, was for the protection of his interest in the property pending the disposal of his devolutive. appeal; that the administrator’s provisional account merely lists for payment two minor debts for which the estates are secondarily liable, and the fee of the administrator’s attorney; that no distribution of the property of the successions has been made; and that he has not received or accepted any of the benefits thereof, except as
 
 noted
 
 supra. It is further alleged that the appointment of an administrator did not defeat the appellant’s right to an appeal from the judgment decreeing an administration necessary, or of his right to have the appellate court adjudge that issue.
 

 In the brief of appellees, which was filed in support of their motion to dismiss the appeal, we note the following:
 

 “We are frank to state that there appears in our opinion nothing on the face of the record that would justify a ruling on the motion of the dismissal of the appeal and, consequently, * * * the proper procedure would be to remand the case for trial of issues raised in the motion to dismiss.”
 

 This court has repeatedly held that where the facts on which the motion to dismiss is based are admitted, it is not necessary to remand the case, in order that proof may be offered to establish those facts. Our reading of the motion to dismiss and the answer thereto in this record leaves no doubt in our minds that the appellant has admitted substantially all ofi the facts relied upon by the movers, and that this court has ample evidence in the record to justify an opinion on the merits. As is well said by counsel for appellant: • »
 

 “To force the case back to the district court to take such evidence would be wasting time and money.”
 

 Inasmuch as the facts alleged do not show that appellant has, within the intendment of the law, acquiesced in the judgment ap
 
 *32
 
 pealed from, the motion to dismiss the appeal is overruled, the costs hereof to abide the final decree on the merits.