275 So.2d 189 (1972)
Winifred Culpepper BRASWELL, Plaintiff-Appellee,
v.
Houston P. MORRIS, Defendant-Appellant.
No. 11901.
Court of Appeal of Louisiana, Second Circuit.
September 12, 1972.
On Rehearing February 6, 1973.
*191 Charles H. Ryan, Monroe, for defendant-appellant.
John E. Lawhon, Shreveport, for plaintiff-appellee.
Before AYRES, BOLIN and HALL, JJ.
BOLIN, Judge.
In 1964 defendant Morris purchased from plaintiff a house and lot in Monroe, Louisiana, for which he gave cash consideration of $500 and his promissory note for $14,000, secured by a vendor's lien and mortgage on the property. Asserting defendant had violated the mortgage agreement by removal of the buildings from the lot, plaintiff filed this suit October 11, 1971 to recover the balance due on the note, plus interest, attorney's fees and costs. Without assigning written reasons the trial judge rendered judgment in favor of plaintiff for the full amount of her demand and defendant appeals, complaining only of that portion of the judgment casting him for attorney's fees and costs.
Before this court appellee has filed a motion to dismiss the appeal based on the premise that appellant had lost his right to appeal since he voluntarily and unconditionally acquiesced in the judgment by payment of the judgment in full, including principal, interest, attorney's fees and all costs. Attached to the motion to dismiss is a copy of a letter from defendant's attorney wherein he stated he was enclosing a release and, if there were no objections, he would appreciate the plaintiff's attorney signing the release on behalf of Mrs. Braswell and returning it to him so that he might have the judgment released and cancelled from the mortgage records of Ouachita Parish. Also attached to the motion is a copy of the release which recites the fact the judgment was rendered in favor of plaintiff and that the judgment "having been paid and satisfied in full, the Clerk of Court and Ex-Officio Recorder of Mortgages for the Parish of Ouachita is hereby authorized and directed to release this judgment in full and to cancel its inscription in the Mortgage Records of his office." This release was signed by plaintiff through her attorney and the judicial mortgage was admittedly cancelled from the record.
Defendant filed an opposition to the motion to dismiss in which he admitted that the above mentioned letter and release were in fact written by him and that the release was signed and the judicial mortgage had been cancelled. However, he asserts his payment of the judgment was pursuant to the order of the court and should not be held to be a voluntary acquiescence.
These pleadings raise the question: Has appellant lost the right to appeal because he voluntarily and unconditionally acquiesced in the judgment rendered against him by paying the judgment in full, including principal, interest, attorney's fees and all costs?
Initially we must determine whether the motion to dismiss and answer thereto can be examined by this court to determine the answer to the foregoing question or if the case should be remanded for the taking of testimony on the point. We conclude the facts alleged in the motion to dismiss, which are admitted by appellant in his opposition to the motion, supply sufficient evidence to permit of an opinion on the merits. In Hogan v. Hogan, 181 La. 27, 158 So. 610 (1935) the Louisiana Supreme Court held:
"This court has repeatedly held that where the facts on which the motion to *192 dismiss is based are admitted, it is not necessary to remand the case, in order that proof may be offered to establish those facts. Our reading of the motion to dismiss and the answer thereto in this record leaves no doubt in our minds that the appellant has admitted substantially all of the facts relied upon by the movers, and that this court has ample evidence in the record to justify an opinion on the merits."
We now consider the law relative to the issue raised by the motion; i. e., has defendant lost his right of appeal? Louisiana Code of Civil Procedure, Article 2085 provides:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
The preceding article has been interpreted in relatively few cases and with varying results. In Griffis v. Harmon & Crane (La.App. 2d Cir. 1959), 108 So.2d 822 the court had before it the cancellation of a judgment against defendant-appellant which read as follows:
"By virtue of an order dated May 14th, 1958, signed by W. D. Goff, Jr., Attorney, authorizing and directing the cancellation of this, as same has been paid in full, said judgment is hereby cancelled. This May 17th, 1958." Signed: J. J. Smith "Clerk of Court".
This court held defendant had acquiesced in the judgment since there was no allegation that appellant's payment of the judgment was made under protest, and there was no express reservation of his right to appeal. Lacking any allegation of such reservation, the court reasoned it could only be concluded such reservation was not made. In so holding the court stated:
"While courts zealously preserve and enforce the right of appeal, and are exceedingly loath to deny such right to a party litigant, they are not at liberty, under the guise of equity, to enforce such a right in the face of the clear codal provision above noted." (Art. 567 of the Code of Practicenow C.C.P. Art. 2085). See also Adolph v. Sewerage & Water Board Pension Committee (La. App. 4th Cir. 1967) 202 So.2d 664; Washington v. Independence Oak Flooring Co. (La.App. 1st Cir. 1959) 114 So. 2d 599; Robicheaux v. Albritton (La. App. 2nd Cir. 1959) 113 So.2d 87.
In the recent case of Langlois v. Southern Timber, Inc., of Woodville, Miss., et al (La.App. 1st Cir. 1971) 256 So.2d 320, the court dismissed an appeal under C.C.P. Article 2085 on the ground defendant-appellant had acquiesced in the judgment by unconditionally and voluntarily executing it. The court stated:
". . . Voluntary payment without reservation of rights would certainly seem to be an acquiescence in, or voluntary execution of the judgment."
Running through the decisions in cases involving loss of right to appeal because of voluntary and unconditional acquiescence in a judgment is the paramount idea that in order to preserve the right of appeal as to any part of a judgment there must be an indication of an intention to reserve such right. In the instant case there is no such reservation. Rather, the release of the judgment appealed is complete, without any expressed or implied intention that it should not be considered satisfied. The words of the release are unambiguous, containing no reservation of the right to pursue by appeal the question of the correctness of the portion of the judgment dealing with attorney's fees. Furthermore, prior to the appeal the release was obtained and used for the purpose of having eradicated from the records *193 the judicial mortgage created by the judgment.
The appeal is dismissed at appellant's cost.

ON REHEARING
Before AYRES, BOLIN, PRICE, HEARD and HALL, JJ.
PRICE, Judge.
Mrs. Winifred Culpepper Braswell brought this action to collect the balance due on a note executed by Houston P. Morris, dated November 24, 1964, secured by a vendor's lien and mortgage on a residential lot with improvements in the city of Monroe. The note is in the principal sum of $14,000, payable in monthly installments of $90.21. The act of sale creating the lien and mortgage contains an acceleration clause giving the holder of the note identified therewith the option to declare the entire balance due and collectible should the maker fail to comply with any of the covenants of the mortgage. Plaintiff alleges the unpaid balance of $12,084.11 was matured by reason of defendant's removal of the improvements from the mortgaged property, and that she is entitled to recover this amount plus interest and stipulated attorney's fees of ten percent.
Defendant filed an exception of prematurity, asserting his payments on the mortgage have never been delinquent and that no amicable demand has been made upon him for full payment prior to the filing of suit by plaintiff. Nevertheless, in a reconventional demand filed along with the exception, defendant sets forth his desire to pay the remaining balance plus interest to free his property from the vendor's lien and mortgage and on alleging that a dispute existed as to whether he is liable for stipulated attorney's fees, an order was obtained allowing him to deposit into the registry of the court all sums claimed by plaintiff. Defendant consented to the withdrawal by plaintiff without his consent of all sums deposited other than the sum of $1,212.84 which is the amount claimed as attorney's fees. Defendant thereafter answered plaintiff's petition and although it is admitted the improvements were removed, it is alleged the removal was made necessary because of the buildings being condemned by the city of Monroe as being unfit and unsafe for human occupancy. Defendant further alleged the removal of the single family residence and garage apartment (which allegedly deteriorated from no fault of his own) did not prejudice the security of the mortgage as the vacant property has an equal or greater value than the balance owed to plaintiff on the note. The plea of prematurity previously asserted by exception was reiterated by defendant in answer.
On trial of the matter the only question for resolution by the court was the liability of defendant for the stipulated attorney's fees. The district court rendered judgment without assigning written reasons, overruling defendant's exception of prematurity and awarded plaintiff judgment for the balance owed of $12,084.11, together with interest and ten percent of this amount for attorney's fees. The judgment rendered by the court authorized the withdrawal from the registry of the court of the full sum deposited by defendant, including the disputed amount for attorney's fees.
Defendant perfected this devolutive appeal from the judgment assigning as error the award of attorney's fees by the trial court.
Plaintiff filed a motion in this court to dismiss the appeal of defendant, contending defendant has no right of appeal, having voluntarily and unconditionally acquiesced in the judgment rendered against him by paying the judgment in full, including principal, interest, attorney's fees and all costs. On our original consideration of this matter we rendered judgment sustaining plaintiff's motion and dismissed the appeal.
*194 After giving the matter further consideration on application for rehearing by defendant, and in view of the joint stipulation of the parties filed with the application for rehearing clarifying the record in regard to the actions of defendant in paying the judgment and in taking this appeal, we find we were in error in sustaining the motion to dismiss.
The following pertinent sequence of events are established by the stipulation:
On October 22, 1971, defendant obtained the order allowing the deposit of $13,366.25 in the registry of the court consisting of these items:

(A) Principal balance 12,084.11
(B) Interest 44.30
(C) Attorney's fees 1,212.84
(D) Estimated court costs 25.00

Defendant agreed plaintiff could withdraw from the registry of the court all items except (C) relating to attorney's fees. On October 28, 1971, plaintiff withdrew $12,128.41 from the registry of the court. After rendition of judgment in plaintiff's favor on December 16, 1971, the next day plaintiff withdrew the remaining sums on deposit with the court. On January 25, 1972, after receiving a request from the Clerk of Court, defendant paid an additional sum of $53 to the clerk for costs in excess of the estimated deposit for same. On February 1, 1972, defendant's counsel requested and obtained from plaintiff's counsel a release of the judicial mortgage created against all defendant's property by the recordation of the judgment in the mortgage records. On March 13, 1973, a devolutive appeal was moved for and granted to defendant.
The crux of our previous determination was our conclusion that voluntary payment had been made by defendant of the full amount of the judgment without making any reservation of the right to appeal which constituted an acquiescence in the judgment. We now consider the record to establish the payment to plaintiff of the portion of the judgment relating to attorney's fees was not voluntary on the part of defendant. Under the court order obtained allowing the deposit in the registry of the court, it is clear that defendant did not agree for a withdrawal by plaintiff of that portion relating to attorney's fees. Plaintiff prematurely executed the judgment rendered by the court on December 16th by withdrawing the sum deposited by defendant for attorney's fees from the court registry on the succeeding date, thus depriving defendant of his statutory delay of fifteen days to perfect a suspensive appeal. Defendant's only recourse was to appeal devolutively. Payment to plaintiff having been effected by the unilateral withdrawal from the registry of the court under the authorization of the judgment, it cannot be said that defendant acquiesced in judgment as to attorney's fees by voluntarily paying same. His subsequent action in requesting a release from plaintiff's attorney of the judicial mortgage can only be considered as an act of self protection to relieve all of his property from the effect of a judicial mortgage and does not signify a voluntary acquiescence in the judgment.
On the merits of the issue presented on this appeal the question before us is the correctness of the trial judge's inclusion of attorney's fees in the judgment awarded in favor of plaintiff. To justify such an award, which is penal in nature, the plaintiff must show the defendant has violated a covenant of the mortgage instrument which gives her the right to immediately mature the unpaid balance, and further that it was necessary to employ an attorney for collection of this amount. Succession of Foster, 51 La.Ann. 1670, 26 So. 568 (1899); St. Charles Dairy v. Hayes, 233 La. 217, 96 So.2d 494 (1957); Chapman v. Capri Construction Company, 248 So.2d 101 (La.App. 4th Cir. 1971).
*195 The pertinent provisions of the mortgage alleged to have been violated by defendant read as follows:
"In the event of failure * * * to comply with any of the other covenants of this transaction, shall, at the option of the holder thereof, mature said note and make the entire balance immediately due and collectable."
"Vendee agrees to keep the buildings and improvements in a reasonable state of repair and not allow the same to run down and go to waste. * * * In order to secure the payment of said note, interest, cost and attorney's fees which are fixed at ten per cent on the amount to be collected, a special mortgage and vendor's lien and privilege are hereby stipulated on said property in favor of vendors, or any future holder of said note, the purchaser agreeing not to alienate, deteriorate or encumber said property to the prejudice of the mortgage and vendor's lien."
We are of the opinion plaintiff has carried her burden of proof in showing an apparent violation of a covenant of the mortgage in that defendant admits the removal of the improvements without the knowledge or consent of the plaintiff. Although defendant contends this removal was justified as being in response to a notice by the city of Monroe that the buildings were no longer fit for occupancy and must be removed, the burden is on defendant to show that this unfitness did not result from his failure to perform his contractual obligation to keep the property in a "reasonable state of repair and not allow it to run down and go to waste." We do not find the evidence presented to sufficiently show that the condition of the buildings on December 3, 1970 (the date of the condemnation notice) was not due to the fault or neglect of defendant to carry out proper maintenance as agreed to by him in the mortgage.
Defendant bought this property on November 24, 1964, and occupied it as a residence until sometime in 1968. For a time thereafter he rented the main dwelling and also the garage apartment for a relatively low rental charge. Although he testified the buildings were structurally unsound at the time of purchase because of termite damage and other deterioration due to the age of the premises, there is no corroborating evidence presented. Since the structures were apparently sufficiently sound for habitation in 1964 when purchased by defendant and after being under his control for a period of approximately six years were declared by the city of Monroe to have become a hazard to health and safety "because of inadequate maintenance and dilapidation", we must conclude that this resulted from the fault or neglect of defendant.
We find no merit in the argument advanced by defendant that the removal of the improvements has not prejudiced the security of the mortgage as the vacant lot has a value about equal to the amount owed on the mortgage, and that the premises are worth as much without as with the improvements in the state they were in at the time of removal. The authority relied on by defendant, 55 Am.Jur.2d, verbo Mortgages, Sec. 307, discusses removal of improvements from land which is worth a sum greatly in excess of the amount owed on the mortgage. We can find no case in this jurisdiction, or elsewhere, where this principle has application where the value of the vacant land is merely "equal" to the balance owed. We therefore conclude the plaintiff was entitled to exercise her option to mature the remaining balance owed on the mortgage because of defendant's removal of the improvements.
The remaining issue involved herein is whether it was necessary for plaintiff to procure the services of an attorney to collect the balance after notifying defendant *196 of her desire that the entire balance be paid because of his removal of improvements.
In the cases of St. Charles Dairy v. Hayes, supra, and Chapman v. Capri Construction Co., supra, the courts pointed out that the holder of an installment mortgage note who has accelerated the balance due thereon, in order to be entitled to collect stipulated attorney's fees, must show a reasonable opportunity was afforded the maker to pay the full balance before placing it in the hands of an attorney for collection.
In this case the defendant was contacted on behalf of plaintiff by the realtor who had handled the sale of the property in 1964 in regard to the removal of the improvements. This was on or about September 12, 1971. Defendant responded by saying he expected someone to call him on this and that he would pay off the entire balance in a couple of weeks. Plaintiff's husband called and talked to defendant on two occasions about this same time and he was told substantially the same thing. On October 5, 1971, plaintiff's attorney notified defendant if payment was not received in his office by October 8, 1971, at 11:00 a. m., suit would be filed. Receipt of the letter by defendant was admitted to have been on October 7th. Suit was not actually filed until October 11, 1971. Defendant had a period in excess of three weeks to have paid the note in full to plaintiff prior to her having employed an attorney for its collection. From the tenor of the communications with defendant beginning about September 12th, it should have been obvious to defendant the plaintiff disapproved of his removal of the improvements without her consent and desired immediate payment of the full balance of the indebtedness. Under these circumstances we are of the opinion plaintiff was not premature in the employment of an attorney and is entitled to the amount of attorney's fees provided by the contract.
For the foregoing reasons the judgment appealed from is affirmed at appellant's costs.