426 So.2d 315 (1983)
TEXAS INDUSTRIES, INC., d/b/a Louisiana Industries, Plaintiff-Appellee,
v.
C. Alvin ROACH, Defendant-Appellant.
No. 14993.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
*316 Skeels, Baker, Coleman & Strickland by Donald L. Baker, Shreveport, for defendant-appellant.
Tyler & Johnson by Tommy J. Johnson, Shreveport, for plaintiff-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
In this action on an open account the defendant, C. Alvin Roach, appeals a judgment in favor of the plaintiff, Texas Industries, Inc., d/b/a Louisiana Industries (TI), for $9,240.70 with interest, costs and attorney's fees in the amount of $1,500. We amend and affirm.
Appellant Roach makes three assignments of error. He contends the district judge erred in finding:
(1) that plaintiff had borne its burden of proof;
(2) that this was an action on an open account; and
(3) that the demand letter written by plaintiff's counsel fulfilled the requirements of R.S. 9:2781.

THE FACTS
Roach is in the construction business and made frequent credit purchases of items from TI. Roach was slow in paying and on March 23, 1981, plaintiff's attorney wrote Roach by certified mail and advised him that unless he paid his account balance of $11,885.84 legal proceedings would be commenced.
This action for $11,885.84, interest, costs and attorney's fees was filed May 1, 1981. On the day of trial TI's counsel orally amended the petition to reduce its demand for the account balance to $9,240.70 to reflect payments by appellant. The case was tried on the merits and the judgment complained of was rendered.

ASSIGNMENT # 1
At trial plaintiff attempted to show the amount due on the account through certain records and the testimony of its bookkeeper, Mrs. Mary McLelland, and defendant, Roach. Through this assignment appellant contends that the evidence introduced by plaintiff is so unreliable that the trial judge erred in concluding that TI had carried its burden of proof.
The plaintiff in an action on open account bears the burden of proving his case by a preponderance of the evidence. Freiberg v. Rembert, 213 So.2d 104 (La. App. 1st Cir.1968).
*317 The amount of an account is a question of fact on which the trial judge's findings may not be disturbed absent manifest error. Gulfcoast Newspapers, Inc. v. Cart, 331 So.2d 177 (La.App. 3d Cir.1976), writ refused, 334 So.2d 230 (La.1976); First Nat. Bank v. Higgs, 406 So.2d 673 (La.App. 2d Cir.1981); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Though TI's accounting methods are somewhat awkward, its bookkeeper testified that the balance due on the account was $9,240.70 and explained the accounting procedures to the satisfaction of the trial judge despite extensive cross examination by defendant's counsel.
The demand need not be rejected merely because plaintiff's accounting practices do not conform to the highest standards or use the best methods. Freiberg v. Rembert, supra.
The trial judge concluded that the balance due on account was $9,240.70. That factual conclusion is buttressed by substantial evidence in the form of records and McLelland's testimony. Additionally, we note that appellant admitted the correctness of the invoices and trip tickets introduced by plaintiff and that he had been given credit for all payments he had made. Under these circumstances we cannot say the trial judge was clearly wrong in finding the balance due on the account to be $9,240.70.

ASSIGNMENT # 3
Through this assignment of error Roach attacks the award of attorney's fees by arguing that the demand letter written by plaintiff's counsel does not meet the requirements of R.S. 9:2781[1] in that it does not correctly set forth the amount owed.
The provisions of § 2781, including the requirement that the letter correctly state the amount owed, must be strictly complied with in order for the plaintiff to obtain attorney's fees. Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3d Cir.1979).
Awards of attorney's fees are penal or punitive in nature. Braswell v. Morris, 275 So.2d 189 (La.App. 2d Cir.1973); Allen v. Delta Match Corporation, 250 So.2d 563 (La. App. 1st Cir.1971); Viator v. Haynesville Mercantile Company, 230 La. 132, 88 So.2d 1 (1956).
Because of the penal nature of attorney's fees awards they are not favored and should be made only in cases which are clear and free from doubt. Schwegmann Bros. Giant Super Mkts., Inc. v. Mouton, 309 So.2d 686 (La.App. 4th Cir.1975), writ denied, 310 So.2d 845 (La.1975).
The demand letter of March 23, 1981, states that the account balance is $11,885.84. There is a serious question as to the accuracy of that figure for the following reasons.
In August 1980, Roach gave TI a note in the amount of $16,341.06 representing almost the entire balance due on his account at that time. Sometime in March 1981, probably on the 19th, Roach bought and gave to TI a money order in the amount of $17,000 to pay the note. The excess of the money order over the note, $658.94, was credited to Roach's account. Thus, it appears that at the time the demand letter was written the balance due on Roach's account was no more than $11,226.90.
The record also shows that Roach made another payment of $1,986.20 to his account during March 1981. The exact date of this payment is not clear from the record.
It is incumbent on the creditor seeking attorney's fees through 9:2781 to clearly show that the amount due, as stated in the demand letter, was correct at the time the *318 letter was sent to the debtor. This is particularly true in a case where, as here, the amount due at the time of trial differs from the amount stated to be due in the letter.
In the instant case TI could have made the necessary showing simply by proving that the two payments made on Roach's account in March, 1981, were made after the demand letter was sent. However, this was not done and, consequently, there is serious doubt as to the accuracy of the statement of the amount due in the demand letter. Under these circumstances the trial judge erred in awarding attorney's fees.
In brief, TI contends that this result will permit debtors to avoid attorney's fees merely by making a small payment on account after receiving a demand letter. We disagree. We do not hold that the amount due as stated in the demand letter and the amount recovered in the judgment must be the same in order for a party to recover attorney's fees under § 2781. Instead, we hold only that a correct statement of the amount due in the demand letter is a condition precedent to an award of attorney's fees under the statute and that the creditor bears the burden of clearly showing the accuracy of that statement.
Our resolution of this assignment makes it unnecessary for us to consider appellant's second assignment of error.
For the foregoing reasons the judgment of the district court is amended to delete the award of attorney's fees and as AMENDED the judgment is AFFIRMED.
NOTES
[1] "A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor."