486 So.2d 1122 (1986)
CITY OF BOSSIER CITY, d/b/a Bossier Medical Center, Plaintiff-Appellant,
v.
Glen SIMS & Tamara E. Sims, Defendants-Appellees.
No. 17688-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
*1123 H. Yvonne Coleman, Asst. City Atty., Bossier City, for plaintiff-appellant.
Glen Sims and Tamara E. Sims, in pro. per.
Before MARVIN, FRED W. JONES and NORRIS, JJ.
MARVIN, Judge.
In this action on an open account, the hospital appeals that part of the judgment denying it attorney fees under LRS 9:2781(A).[1] We affirm.
This statute, penal in nature, must be strictly construed and its provisions fully complied with before a penalty award of attorney fees may be made. Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La.1984); Texas Industries, Inc. v. Roach, 426 So.2d 315 (La.App.2d Cir.1983). The statute expressly requires that the demand letter correctly set forth the amount owed and be accompanied by invoices supporting that amount.
The hospital's demand letter of September 1, 1984, set forth $2,445.36 as the amount owed for the hospitalization of Mrs. Sims, payment of which was guaranteed by Mr. Sims. The only invoice in the record, attached to the copy of the demand letter, shows a balance of $2,495.36 and directs the addressee to PAY THIS AMOUNT $2,616.06. The hospital's petition, filed November 6, 1984, alleged that the amount owed was $2,345.36. The affidavit filed by the hospital at trial, dated March 1, 1985, states that "the attached itemized statement ... [has] a present balance... of $2,095.36." No "itemized statement" was attached to the affidavit. The hospital's collection supervisor testified that the amount owed was $2,445.36 when the account was turned over to the hospital's attorney, but "if there had been any payments since then, I don't know what they are." Judgment was rendered *1124 for the amount shown in the hospital's March 1 affidavit ($2,095.36).
The hospital strenuously contends that the variance in the amounts shown above simply allows defendants credit for payments they made after receipt of the demand letter and that to deny the statutory attorney fees does nothing more than penalize a plaintiff for accepting payments on an open account after a demand letter is written. We agree that interim payments should not defeat an otherwise valid and proven statutory claim for attorney fees. Nonetheless, we hold that the burden is on the open account plaintiff to produce evidence to show that the amount owed was correctly set forth in the demand letter and was supported by an invoice or invoices before the statutory attorney fees may be awarded. The emphasized part of the statute clearly requires this. See Texas Industries, Inc. v. Roach, supra.
The hospital offered no evidence to prove or to explain why the amounts varied. If defendants made payments, the hospital did not prove when and what payments were made. If the alleged payments were made before delivery of the demand letter, that letter would not have correctly set forth the amount owed, as the statute requires. The one detailed invoice in the record, if sent with the demand letter, does not support the correctness of the amount set forth in the letter, as the statute requires. We cannot assume facts nor accept mere allegations as fulfilling a plaintiff's burden of proof under a penalty award statute.
Under these circumstances, the trial court correctly denied attorney fees.
AFFIRMED, at appellant's cost.
NOTES
[1] LRS 9:2781(A) reads:

When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor. (Emphasis ours.)