STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1188


INDUSTRIAL SCREW & SUPPLY CO., INC.

VERSUS

WPS, INC.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 104143-H
HONORABLE LORI L. LANDRY, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.


Jefferson J. Moss, Jr.
Moss & Associates
814 South Washington Street
Lafayette, LA   70501
(337) 237-6280
COUNSEL FOR DEFENDANT/APPELLANT:
    WPS, Inc.

Staci Knobloch Tabor
18016 Prestwick Avenue
Baton Rouge, LA   70810
(225) 252-3203
COUNSEL FOR PLAINTIFF/APPELLEE:
    Industrial Screw & Supply Co., Inc.

AMY, Judge.

In this suit on an open account, the plaintiff filed a motion for summary judgment to collect a delinquent debt, legal interest, court costs, and attorney's fees. The trial court granted the motion. The defendant appeals the trial court's award of attorney's fees. For the following reasons, we affirm.

**Factual and Procedural Background**

The record indicates that the plaintiff, Industrial Screw and Supply Co., Inc. (hereinafter "Industrial"), sold and delivered to the defendant, WPS Inc. (hereinafter "WPS"), anchors and bolts on open account between May and June 2004. After WPS did not respond to Industrial's initial demand for payment, Industrial filed a Petition in Suit on Open Account on November 17, 2004, stating that WPS owed it "$26,020.86 together with judicial interest, court costs and reasonable attorney's fees[.]" It further stated that "[t]he Defendant has made only the payments, if any, shown on the attached statement, and has failed to pay this account, or the balance thereon after demand. Defendant additionally owes petitioner reasonable attorney fees under the provisions of Louisiana R.S. 9:2781." In the final paragraph of its petition, Industrial prayed "for the sum of $27,817.60, together with legal interest until paid, court costs and reasonable attorney fees."

In December 2004, WPS made a payment on the unpaid account balance in the amount of $6,954.00. In its answer, WPS denied that it owed $27,187.60 or reasonable attorney's fees. On March 4, 2005, Industrial filed a motion for summary judgment, along with a memorandum in support of the motion and an affidavit from its account representative. WPS subsequently presented Industrial with a check for $7,271.06 and a check for $11,795.40 to pay the account balance in full.

After an April 19, 2005 hearing, the trial court granted the motion for summary judgment, awarding "judicial interest on defendant's debt due on open account in the amount of $26,020.86 from date of judicial demand until finally paid, attorney fees deemed reasonable by this court in the amount of 25% or more specifically $6,505.22, and for all costs of these proceedings." An amended summary judgment determined that the amount of interest owed was $385.01.

WPS appeals, designating the following assignments as error:

1. The Court erred by considering the Memoranda of counsel and exhibits attached thereto as source[s] of evidence on which to base its decision.

2. The Court erred in finding that no genuine issue of material fact existed and that Plaintiff was entitled to a judgment as a matter of law.

3. The Court erred in awarding attorney's fees where the demand in the attorney's demand letter and in the Petition were for more than the Plaintiff was owed[,] thereby not complying with [La.]R.S. 9:2781.

4. The Court erred in finding 25% attorney fees "reasonable" without any evidence to support that finding.

5. The Court erred in using an untimely filed Affidavit attached to a "Pre-hearing Memorandum in Support of Motion for Summary Judgment" as support to award 25% attorney fees to Plaintiff over Defendant's objection that the assertion of the agreement between client and attorney to pay 25% expanded the pleadings in that it was not pled in the Petition.

6. The Court erred in granting the Plaintiff's Motion for Summary Judgment for attorney fees when there were genuine issues of fact related to the level and amount of legal services sufficient to justify an award of 25% attorney fees that the Defendant's attorney protested was excessive.

7. The Court erred in applying the provisions of [La.]R.S. 9:2781 in determining that the Plaintiff was entitled to reasonable attorney's fees and/or attorney fees fixed at 25% of the amount awarded based solely on an agreement between the Plaintiff and its attorney instead of using the analysis provided for by the Rules of

2

Professional Conduct as set forth in *Lennerts Farm, Inc. v. Rogers.*

## Discussion

*Louisiana Revised Statutes 9:2781*

WPS questions the granting of summary judgment in favor of Industrial, asserting that attorney's fees were inappropriately awarded under La.R.S. 9:2781. In particular, WPS points to Industrial's initial demand letter which, it asserts, sets forth an allegedly inaccurate figure as the amount due. In support of its argument, WPS cites *City of Bossier City v. Sims*, 486 So.2d 1122 (La.App. 2 Cir. 1986), wherein the second circuit concluded that attorney's fees were inappropriate under La.R.S. 9:2781 where a demand letter failed to correctly set forth the amount owed.

Louisiana Code of Civil Procedure Article 966(B) provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." On appeal, summary judgments are considered under the *de novo* standard of review. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. The appellate court considers the same criteria as did the trial court. *Id.*

With regard to open accounts, La.R.S. 9:2781 provides for the award of attorney's fees as follows:

> A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount

3

when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

B. If the demand is forwarded to the person by first class mail to his last known address, a copy of the demand shall be introduced as evidence of written demand on the debtor.

C. If the demand is made by citation and service of a petition, the person shall be entitled to pay the account without attorney fees by delivering payment to the claimant or the claimant's attorney within ten days after service of the petition in city courts and fifteen days after service of the petition in all other courts.

WPS questions the award of attorney's fees as, it contends, Industrial's demand letter of September 30, 2004 alleged an unpaid account balance of $27,036.98. Since WPS asserts that this figure is in error, it argues that the demand did not correctly set forth the amount owed as is required for the recovery of attorney's fees under La.R.S. 9:2781(A). Thus, the award of attorney's fees was in error.

Our review of Industrial's motion for summary judgment and its supporting documents indicates that summary judgment was appropriate. Notwithstanding any alleged discrepancy in the amount set forth in the initial September 2004 demand letter, the petition serves as a further basis for recovery of attorney's fees under La.R.S. 9:2781(C).

As indicated above, Industrial's petition alleged that WPS "owes petitioner $26,020.86, together with judicial interest, court costs and reasonable attorney's fees[.]" The petition's prayer seeks judgment "for the sum of $27,817.60, together with legal interest until paid, court costs and reasonable attorney fees." The basis for these figures are reflected in Industrial's statement of WPS's account, dated November 9, 2004, which was attached to the petition and filed into the record. Mirroring the petition, the statement lists the unpaid account balance as $26,020.86. It also lists "unpaid finance charges" of $1,796.74. The statement reflects a "new

4

balance" of $27,817.60, *i.e.*, the unpaid balance combined with the unpaid finance charge. The unpaid finance charges were apparently not pursued by Industrial as the $26,020,86 unpaid account balance is reflected in the trial court's judgment and amended judgment.

The petition was filed on November 17, 2004 and reflects WPS's service information. According to La.R.S. 9:2781(C), WPS had fifteen days from service of the petition to satisfy the balance in order to avoid imposition of attorney's fees. However, according to the affidavit of Rick Crew, Industrial's account representative, a balance of $19,066.46 remained at the time of Industrial filed its motion for summary judgment in March 2005. Thus, it is apparent that the account balance due was not paid within fifteen days of the service of the petition as is necessary to avoid the imposition of attorney's fees under La.R.S. 9:2781(C). WPS's opposition to the motion for summary judgment, which lacks documentary evidence, does not indicate otherwise. Accordingly, the trial court correctly entered summary judgment in favor of Industrial pursuant to La.R.S. 9:2781.

We also note that there is no merit in WPS's assertion that the trial court erroneously relied on evidentiary support filed with Industrial's supplemental memorandum in support of motion for summary judgment on April 13, 2005. WPS contends that this support was untimely as it was filed within fifteen days of the April 19, 2005 hearing on the motion. *See* La.Code Civ.P. art. 966(B). Despite this objection on appeal, the record contains no indication that WPS questioned the timeliness of the submission below. Furthermore, its own submission in opposition to the motion for summary judgment was not filed until April 15, 2005. Again, the opposition contains no objection to the timeliness of Industrial's filing nor does it

5

allege that it was hindered by the submission. Accordingly, we do not find that the trial court was required to exclude the submissions. *See Peoples State Bank v. Hwy One Crawfish, Inc.*, 99-1393, p. 8 (La.App. 3 Cir. 5/24/00), 771 So.2d 101, 107, *writ denied*, 00-2842 (La. 12/8/00), 776 So.2d 469 (wherein a panel of this court observed that "[o]nly if there is evidence that the opposing party will be prejudiced by the late introduction of the affidavits is it reversible error for a trial court to allow the affidavits to be filed.").

*Amount of Attorney's Fees*

The trial court awarded twenty-five percent of the unpaid $26,020.86 account balance, or $6,505.22, in attorney's fees. WPS argues that the figure awarded is excessive and that the trial court failed to adequately consider the reasonableness of the award given the amount of work required for collection of the unpaid balance.

Again, our review of the record reveals no error in the trial court's judgment. In particular, we reference La.R.S. 9:2781(A), which provides that: "If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant." The updated affidavit of Rick Crew, Industrial's account representative, explained that "Mover has an express agreement with its attorney that attorney fees for suits on open account are 25% of the principal amount paid by a debtor with said attorney fees to ultimately be collected from the debtor." Again, while WPS argued that the amount of attorney's fees pursued by Industrial was excessive and erroneously argued that its

6

pursuit of a percentage of attorney's fees was an expansion of the pleadings,[1] WPS failed to object to the actual timeliness of the filing of the amended affidavit. Further, it failed to produce evidence negating the affidavit's assertion. Thus, the trial court did not err in considering the agreement between Industrial and its attorney, particularly in light of La.R.S. 9:2781(A)'s provision for an award based on such an agreement. Finally, the record itself supports the reasonableness of the award. The record reflects that Industrial issued a demand letter, filed suit, followed that suit by a motion for summary judgment and supported that motion with memoranda and associated documentation. The $6,505.22 awarded for attorney's fees is reasonable.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**

---

[1] WPS asserts that the request for a specific percentage of the award as attorney's fees was an expansion of the pleadings. This assertion is without merit insofar as Industrial's petition requests that it be awarded "reasonable attorney fees under the provisions of Louisiana R.S. 9:2781." Again, this statute makes specific provision for the moving party and its attorney to negotiate a fixed or determinate amount.