# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-623

**PETER D. VIZZI, M.D., A MEDICAL CORPORATION**

**VERSUS**

**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20092080
HONORABLE JULES DAVID EDWARDS, III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Katherine A Theunissen**
**Mahtook & Lafleur**
**P. O. Box 3089**
**Lafayette, LA 70502**
**(337) 266-2189**
**Counsel for Defendant-Appellant:**
**Lafayette City-Parish Consolidated Government**

**Kevin Scott Frederick**
**James P. Doherty, III**
**Frederick Law Firm**
**P. O. Box 52880**
**Lafayette, LA 70505**
**(337) 269-5143**
**Counsel for Plaintiff-Appellee:**
**Peter D. Vizzi, M.D., A Medical Corporation**

**PICKETT, Judge.**

The appellant, Lafayette Consolidated Government, appeals a judgment of the trial court awarding Peter Vizzi, MD, A Medical Corporation (Dr. Vizzi) $14,062.00 in a suit on an open account plus attorney fees. Dr. Vizzi answers the appeal, seeking additional attorney fees for work done on appeal.

## STATEMENT OF THE CASE

The Lafayette City Police responded to a call that someone had attempted to break into a home. When the police arrived, they discovered that the homeowner had shot the intruder, Quintin Contrell Sam, in the leg. The police placed Mr. Sam under arrest, and then a police officer accompanied Mr. Sam to the hospital, where he was treated by Dr. Vizzi.

Dr. Vizzi filed a Petition on Open Account against Lafayette Consolidated Government (Lafayette) and Mr. Sam for the amount of the services he provided, $14,062.00, plus attorney fees, alleging that, pursuant to La.R.S. 15:304, the parish was liable because Mr. Sam was under arrest at the time Dr. Vizzi treated him. Lafayette denied they were responsible for paying for Mr. Sam's treatment and filed a cross-claim against Mr. Sam. Both Lafayette and Dr. Vizzi filed motions for summary judgment. Following a hearing, the trial court denied Lafayette's motion for summary judgment and granted Dr. Vizzi's motion for summary judgment. The trial court awarded Dr. Vizzi $14,062.00 on the open account, $4,687.33 in attorney fees, and legal interest from the date of judicial demand. Lafayette now appeals, and Dr. Vizzi has answered the appeal.

1

## ASSIGNMENTS OF ERROR

Lafayette Consolidated Government asserts three assignments of error:

1.   The trial court erred in finding that LCG was responsible for medical expenses for treatment of a criminal suspect who was shot and wounded prior to any involvement by police officers.

2.   The trial court erred in concluding that the underlying facts were undisputed warranting the grant of summary judgment.

3.   The trial court erred in awarding attorney's fees pursuant to the Louisiana Open Account statute, La.R.S. 9:2781.

Answering the appeal, Dr. Vizzi seeks attorney fees for work done on appeal.

## DISCUSSION

Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730. Summary judgment is appropriately granted if there are no genuine issues of material fact and if the mover is entitled to judgment as a matter of law. *Id.*

Louisiana Revised Statutes 15:304 states, in pertinent part:

> All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement, and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses specifically provided for by law, jurors and all prosecutorial expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be. The expenses shall be paid by the parish treasurer or by the city of New Orleans after an account of the expenses shall be duly certified to be correct by the presiding judge and the clerk of court.

Lafayette argues that since Mr. Sam was wounded by a third party before he was arrested, the parish should not be held liable for the medical bills associated with his treatment. We disagree. As soon as Mr. Sam was placed under arrest, the parish

2

became liable for his necessary medical care. The record makes clear that Mr. Sam was under arrest and was being removed to prison when he was treated by Dr. Vizzi.

We find that once Mr. Sam was placed under arrest, La.R.S. 15:304 requires that the parish bear the expense of any medical treatment he may have needed. We also do not find persuasive the argument advanced by Lafayette that Dr. Vizzi was obligated to provide treatment to Mr. Sam, and that he should bill Medicaid. At the time of the treatment, Mr. Sam was in the custody of the police, and therefore the parish is obligated to pay for his treatment. The first assignment of error lacks merit.

As to the parish's second assignment of error, we find that it is unnecessary to determine if the expenses were incurred "by the arrest" of Mr. Sam, as our discussion of the previous assignment explains. Furthermore, the argument that the procedure required by La.R.S. 15:304 was not followed or that the amount awarded was not reasonably proven are affirmative defenses that were not pled or raised in the trial court. *See* La.Code Civ.P. art. 1005. As these issues were not submitted to the trial court, we will not consider them on appeal. *See* Uniform Rules – Courts of Appeal, Rule 1-3. This assignment of error lacks merit.

Finally, Lafayette argues that the trial court erred in awarding attorney fees pursuant to the open account statute, La.R.S. 9:2781. We find that the open account statute was properly utilized by Dr. Vizzi, and the award of attorney fees was proper under that provision. Furthermore, we find no abuse of discretion in the trial court's award of attorney fees. *See Industrial Screw & Supply Co., Inc. v. WPS, Inc.*, 05-1188 (La.App. 3 Cir. 4/5/06), 926 So.2d 134, *writ denied,* 2006-1063 (La. 6/23/06), 930 So.2d 986. This assignment of error lacks merit.

3

The judgment of the trial court is affirmed. We decline to award Dr. Vizzi additional attorney fees for work done on appeal, as we find the amount awarded by the trial court adequate. Costs in the amount of $351.18 are assessed to the appellant, Lafayette Consolidated Government.

**AFFIRMED.**

4