BROWN, Chief Judge.
11 Plaintiffs, Felton Horton, Kenneth Horton and Sandra Ellen Horton Delman, appeal from the declaratory judgment of the trial court in favor of defendant, Donald O. Browne, recognizing him as the sole owner of certain mineral rights in Red River Parish, Louisiana. For the reasons stated herein, we affirm.

Facts and Procedural Background

Willie Mae Huggins Martin had complete ownership of a 40 acre tract in Red *1036 River Parish, Louisiana. A landowner’s right to explore for and develop oil and gas is not a servitude; this right is an element of the landowner’s perfect ownership. La. R.S. 31:6. Martin was the mother of plaintiffs, Felton Horton, Kenneth Horton and Sandra Ellen Horton Delman. In 1997, Ms. Martin executed a donation inter vivos wherein she divided the 40 acres into three tracts. Under the terms of the donation, each sibling received ownership of a particular tract of land, to the exclusion of the others. Felton and Kenneth received approximately an 18.75-acre tract each and Sandra received approximately 2.5 acres. Ms. Martin also stated in the donation that each of the siblings were to receive an undivided one-third interest in the minerals under the entire 40 acres. As such she arguably created a single mineral servitude of the entire 40 acres with fractional ownership.
Thereafter, on November 14, 2002, Sandra sold her 2.5 acres to Felton.[1] On November 21, 2003, Felton and Kenneth conveyed the entire 40 acres to Judy Freeman Lazarus. The two Hortons reserved all mineral frights, except that surface operations on the property would require Ms. Lazarus’s approval. On December 28, 2004, Ms. Lazarus conveyed her rights in the property to defendant, Donald O. Browne.
All parties to the present suit executed a mineral lease in favor of Pride Oil & Gas Properties, Inc., in 2005, but no wells were started (spud) on the property until March 2010.
Plaintiffs (Hortons) sought a declaratory judgment recognizing them as owners of the mineral rights to the property. Defendant (Browne) filed an answer and recon-ventional demand seeking judgment declaring plaintiffs’ mineral servitude, which was granted in 1997, prescribed for 10 years non-use in 2007. The evidence submitted to the trial court was limited to the parties’ written stipulation and attached documents. Based upon the evidence submitted, the trial court rendered a written opinion wherein it ruled that the 1997 donation created a single servitude which was not extinguished or modified until February 25, 2007, when it prescribed. At the time of prescription, Donald Browne, was the sole owner of the property. In addition, the trial court ruled that confusion did not occur. The judgment of the trial court was signed on October 3, 2011.
Plaintiffs appealed from this adverse ruling. Defendant answered the appeal seeking reimbursement for reasonable attorney’s fees for the trial court proceeding and legal fees and costs incurred as a result of this appeal.
1 ^Discussion
Plaintiffs would benefit if their mother’s donation of the minerals in 1997 was declared null ab initio. Their 2003 mineral reservation would then prevail.
On appeal, plaintiffs set forth two assignments of error: (1) that the trial court erred in concluding that the 1997 donation from Ms. Martin conveyed to them a valid mineral servitude, and (2) in the event a valid mineral servitude was conveyed, the trial court erred in holding that confusion did not occur between each donee’s fractional mineral interest and their surface rights ownership.
Plaintiffs contend that unless the “alleged mineral servitude” set forth in Ms. Martin’s donation falls within one of the exceptions set forth in La. R.S. 31:63-71, it is an invalid division of a mineral servitude. They argue that none of the exceptions apply and, therefore, the “alleged mineral servitude” is void ab initio. In particular, plaintiffs assert that the La. *1037 R.S. 31:66 exception does not apply in the present situation because the “owners of several contiguous tracts” did not exist at the creation of the purported single servitude. Plaintiffs argue that because owners is plural in the statute, it was not meant to apply in situations where a single owner creates the mineral servitude in favor of multiple owners. As such, plaintiffs argue that the true date from which the ten-year prescriptive period began to run for non-use was November 21, 2003, the date of the sale with mineral reservation to Lazarus.
14Pefendant argues that plaintiffs willingly accepted the tracts of land and, in the same instrument, the mineral servitude in the proportions set forth by their mother. Thus, defendant contends, by accepting the donation the plaintiffs agreed to establish the mineral servitude as provided in La. R.S. 31:66.
La. R.S. 31:62 provides:
Except as provided in Articles 63 through 71, the rights and obligations of the owner of a mineral servitude are indivisible.
La. R.S. 31:66 states that the owners of several contiguous tracts of land may establish a single mineral servitude in favor of one or more of them or of a third party. Determination of whether a landowner reserving or granting a mineral servitude intends to create a single servitude is dependent upon the construction of the particular conveyance. Roemer v. Caplis, 369 So.2d 1186 (La.App. 2d Cir.1979), writ denied, 371 So.2d 620 (La.1979); Whitehall Oil Co., Inc. v. Heard, 197 So.2d 672 (La.App. 3d Cir.1967), writ refused, 250 La. 924, 199 So.2d 923 (La.1967).
The trial court, in its written reasons, refers to the language in the 1997 donation to infer the intent of the parties to the donation. Specifically, the trial court sets forth the following clause of the donation:
Donor does further donate unto donees an undivided one-third (l/3rd) interest each in and to all of the minerals situated on and under all of the above described property, they are to own this mineral right in indivisión. (Emphasis theirs).
The trial court found, and we agree, that the donation of the surface rights and the donation of the mineral rights, although in the same instrument, were separate and distinct donations. Ms. Martin donated the surface tracts Uto plaintiffs and then further donated an undivided one-third interest in the mineral rights to the whole contiguous land. The intent of Ms. Martin and the plaintiffs is clearly set forth in the conveyance. By agreeing to the terms in the conveyance, each plaintiff intended to be subject to a mineral servitude in favor of the others. Accordingly, we find no error in the trial court’s determination that a valid mineral servitude was created in the 1997 donation and that the mineral servitude prescribed for non-use on February 25, 2007.
Plaintiffs next argue that, assuming that the mineral servitude was validly created in their favor at the time of the donation, the donation would nonetheless have resulted in the confusion of their fractional interest in their mineral servitude. Meaning, the plaintiffs explain, that when Ms. Martin transferred the 18.75 acres to Felton, for example, as well as the one-third interest in the minerals of all three tracts, he owned a one-third interest in the minerals under his tract .through confusion. Accordingly, plaintiffs contend that even if the prescriptive period for two-thirds of their mineral interest to the tracts they received the surface rights to began running at the time of the donation in 1997, the prescriptive period of their one-third interest did not begin to run until the Lazarus sale in 2003.
*1038 With regards to plaintiffs’ confusion argument, defendant contends that confusion does not take place when an owner of one estate acquires only a portion of the other estate or in indivisión with another person. To support his contention, defendant relies upon Allied Chemical Corp. v. Dye, [¾441 So.2d 776 (La.App. 2d Cir.1983), writ denied, 444 So.2d 119 (La.1984). In Allied Chemical Corp., 441 So.2d at 783, this court stated:
The rules of confusion contained in Former C.C. Articles 788 and 805 provide that when the owner of the servitude becomes the owner of the land confusion occurs, however, the second paragraph of C.C. 805 specifically recognizes that the quality of ownership of the two estates must be identical for confusion to occur. Applying the second paragraph of 805 to the situation where the part owner of the single servitude becomes full owner of the land subject to the servitude no confusion would occur. These provisions are applicable to mineral servitudes. (Emphasis ours).
The question present in Allied Chemical Corp., concerning articles 66 and 67, was when a person has full ownership of a contiguous tract and also a fractional mineral servitude in the same land, are not the full ownership and servitude merged together and the servitude extinguished by confusion? In answering this question, the court focused on former Civil Code article 805, which dealt with confusion of predial servitudes. The court observed that confusion would not occur pursuant to article 805 unless the two estates were of equal quality and concluded that confusion would not take place because full ownership and servitudes are not of equal quality. The redactors of the revised Civil Code removed the equal quality language from the present version of Article 805. Article 765 of the Civil Code now provides that a servitude is extinguished by confusion “when the dominant and servient estates are acquired in their entirety by the same person.” Under this new version, one could conclude that confusion does not occur because the landowner would acquire not the entirety of the ‘dominant estate,’ which would be the mineral servitude, but only a fractional interest |7in the mineral servitude. See Luther L. McDougal III, Louisiana Mineral Servitudes, 61 Tul. L.Rev. 1097.
The dominant estate acquired initially by the three siblings in 1997 was a co-owned mineral servitude governed by the special regime for such co-ownership under Article 175 of the Mineral Code. La. R.S. 31:175. As co-owners of the mineral servitude, consent by all of the co-owners was necessary for mineral operations on the property. On the other hand, the plaintiffs claim for a one-third interest in the minerals as landowner, or as a part of the landowner’s right to explore for minerals, would amount to an independent right for exploration. The rights between the two estates, or the dominate and servient ownerships, being unequal, no confusion occurred.
Considering that as a result of the 1997 donation each sibling owned 100% of the surface rights to their respective tract, but they never owned the full amount of the mineral servitude affecting their respective tract, confusion could not occur. As stated in Allied Chemical Corp., supra at 783, “the quality of ownership of the estates must be identical for confusion to occur.” Clearly this is not the case in the present matter and, as such, the trial court did not err in its holding that confusion of plaintiffs’ respective fractional interest in the mineral servitude did not occur.
Another argument could be that a new servitude was created when the Hortons sold to Lazarus reserving the minerals in 2003. As noted by the court in Allied Chemical Corp., supra, at 781, wrote:
*1039 An owner of land encumbered by a mineral servitude affecting all of the minerals may not create another mineral servitude. He cannot contract with respect to the expectancy of a future reversion of the minerals. McMurrey v. Gray, 216 La. 904, 45 |,So.2d 73 (1949); Hicks v. Clark, 225 La. 133, 72 So.2d 322 (1954); La. R.S. 31:76.
Lastly, by answer to appeal, defendant seeks reasonable attorney’s fees for the district court proceeding and costs for this appeal. The trial court held that each party would be responsible for their own attorney’s fees and that costs of the trial court proceedings would be split evenly among the two sides.
An award of attorney fees is a type of penalty imposed not to make the injured party whole, but rather to discourage a particular activity on the part of the opposing party. Langley v. Petro Star Corp. of La., 01-0198 (La.06/29/01), 792 So.2d 721. Because of the penal nature of attorney fees awards, they are not favored and should be made only in cases which are clear and free from doubt. Texas Industries Inc. v. Roach, 426 So.2d 315 (La.App. 2d Cir.1983).
We do not find the trial court’s determination that each party should be liable for their own attorney’s fees to be erroneous. Accordingly, the answer to appeal seeking amendment of the trial court’s judgment is denied.

Conclusion

For the reasons stated herein, the judgment of the trial court is affirmed. Costs of this appeal are to be paid one-half by plaintiffs and one-half by defendant.

. Subject to all servitudes.